Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for Plaintiffs



FILED

'08 DEC 24 PM 4: 32

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victor Catala individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Resurgent Capital Services L.P. and Plains Commerce Bank,<br><br>Defendant. | Case Number:<br><br>**Class Action** '08CV 2401 DMS (NLS)<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   Victor Catala, ("Plaintiff"), individually and on behalf of others similarly situated, through Plaintiff's attorneys, brings this action to challenge the actions of Resurgent Capital Services L.P. ("Resurgent"), and Plains Commerce Bank ("Plains"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

*ORIGINAL*

2.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.    Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

5.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

6.    Because Defendants do business within the State of California, personal jurisdiction is established.

7.    Venue is proper pursuant to 28 U.S.C. § 1391(c).

### PARTIES

8.    Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

9.    Defendant Plains Commerce Bank ("Commerce Bank") operates from the City of Sioux Falls, County of Minnehaha, and the State of South Dakota.

10.    Defendant Resurgent Capital Services L.P. ("Resurgent") operates from the City of Sioux Falls, County of Minnehaha, and the State of South Dakota.

11.    Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.    Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly,

HYDE & SWIGART
San Diego, California

1  debts owed or due or asserted to be owed or due another and is therefore a

2  debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

3  13.  Plaintiff is a natural person from whom a debt collector sought to collect a

4  consumer debt which was due and owing or alleged to be due and owing from

5  Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

6  1788.2(h).

7  14.  Defendants, in the ordinary course of business, regularly, on behalf of

8  themselves or others, engage in debt collection as that term is defined by

9  California Civil Code § 1788.2(b), and are therefore debt collectors as that

10  term is defined by California Civil Code § 1788.2(c).

11  15.  This case involves money, property or their equivalent, due or owing or

12  alleged to be due or owing from a natural person by reason of a consumer

13  credit transaction.  As such, this action arises out of a consumer debt and

14  "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

15  **FACTUAL ALLEGATIONS**

16  16.  At all times relevant to this matter, Plaintiff was an individual residing within

17  the State of California.

18  17.  At all times relevant, Defendants conducted business within the State of

19  California.

20  18.  Sometime before January 20, 2008, Plaintiff is alleged to have incurred

21  certain financial obligations

22  19.  These financial obligations were primarily for personal, family or household

23  purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C.

24  §1692a(5).

25  20.  These alleged obligations were money, property, or their equivalent, which is

26  due or owing, or alleged to be due or owing, from a natural person to another

27  person and were therefore "debt(s)" as that term is defined by California Civil

28

HYDE & SWIGART
San Diego, California

Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21.  Sometime thereafter, but before January 20, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

22.  Subsequently, but before January 20, 2008, the alleged debt was assigned, placed, or otherwise transferred to Defendant Resurgent and Defendant Commerce Bank for collection.

23.  On or about January 20, 2008, Defendants mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter. A copy of that letter is attached to this Complaint as Exhibit A.[1]

24.  This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

25.  This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

### Representations of "Arrangements"

26.  Subsequently, but prior to January 20, 2008, Defendant Resurgent claimed to have arranged with Defendant Commerce Bank to offer to Plaintiff a VISA® credit card though Defendant Commerce Bank.  This is evidenced by statements made to Plaintiff in the January 20, 2008 letter that Plaintiff had been "Pre-Approved," and that "Arrangements have been made for you to obtain a Pre-Approved* Visa credit card issued through Plains Commerce Bank...."

27.  Such arrangement between Defendants involved a communication between Defendant Resurgent and Defendant Commerce Bank, a third party, in

---

[1] Exhibit A consists of three pages. The first page is the front of the letter in question, the second page is the back of the letter in question, and the third page is the envelope in question.

HYDE & SWIGART
San Diego, California

1  connection with the collection of a debt, and this communication was without

2  the prior consent of Plaintiff given directly to Defendants, or with the express

3  permission of a court of competent jurisdiction, or as reasonably necessary to

4  effectuate a postjudgment judicial remedy, to a person other than Plaintiff,

5  Plaintiff's attorney, a consumer reporting agency if otherwise permitted by

6  law, the creditor, the attorney of the creditor, or the attorney of Defendants.

7  28.  Consequently, this communication to this third party was not provided for in

8  15 U.S.C. § 1692b and Defendant violated 15 U.S.C. § 1692c(b).

9  29.  Because this communication did not comply with certain provisions of the

10  FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), this

11  communication also violated Cal. Civ. Code § 1788.17.

12  30.  In the alternative, if it is determined that Defendants actually had no

13  communications between them in connection with the collection of a debt,

14  statements or implications that Plaintiff had been "pre-approved" for a credit

15  card through some "arrangement" between Defendants, were false, deceptive,

16  or misleading representations or means in connection with the collection of a

17  debt and in violation of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and Cal.

18  Civ. Code § 1788.17.

19  31.  Further, if Defendants actually had no communications between them in

20  connection with the collection of a debt, statements or implications that

21  Plaintiff had been "pre-approved" for a credit card through some

22  "arrangement" between Defendants constitute the false representation that it,

23  and the letter contained therein, were being sent by or on behalf of a credit

24  department. As such, Defendants violated Cal. Civ. Code § 1788.13(h).

*Overshadowing of 15 U.S.C. § 1692g,*

*Cal. Civ. Code § 1812.700 and Cal. Civ. Code § 1788.17*

27  32.  The FDCPA, and the RFDCPA through Cal. Civ. Code § 1788.17, requires

28  debt collectors provide certain notices to consumers in the initial

HYDE & SWIGART
San Diego, California

communication with consumers or within five days of the initial communication with consumers, pursuant to 15 U.S.C. § 1692g.    These notices notify consumers of certain rights that are waived if the consumer fails to act within thirty days of receiving the notice.    Consequently, if a consumer receives such a notice and fails to reply, either through negligence, inadvertence, or lack of information, that consumer waives valuable rights, to that consumer's detriment.

33.    The RFDCPA requires debt collectors provide certain notices to consumers in the initial communication with consumers pursuant to Cal. Civ. Code § 1812.700.    These notices notify California consumers of certain rights that can be waived if the consumer fails to act within thirty days of receiving the notice.    Consequently, if a California consumer receives such a notice and fails to reply, either through negligence, inadvertence, or lack of information, that consumer waives valuable rights, and to the consumer's detriment.

34.    The envelope used to transmit the January 20, 2008 communication to Plaintiff was light blue in color with white clouds as a design throughout the envelope, which contributed to an overall appearance that this initial communication to Plaintiff was a commercial advertisement and offer of a "pre-approved credit card," and commonly referred to as "junk mail."

35.    Said envelope had a stamp that indicated it was "PRESORTED FIRST CLASS MAIL," which contributed to an overall appearance that this initial communication to Plaintiff was a commercial advertisement, commonly referred to as "junk mail."

36.    On the envelope in which Plaintiff's initial communication was delivered, Defendant Resurgent and Defendant Commerce Bank stated in a large typeface, with bold black bars on the top and bottom of said typeface, "IMMEDIATE REPLY REQUESTED" which contributed to an overall

HYDE & SWIGART
San Diego, California

1    appearance that this initial communication to Plaintiff was a commercial
2    advertisement, commonly referred to as "junk mail."

37.   In reality, this envelope contained a communication that was a disguised
      attempt to collect a debt pursuant to the FDCPA and the RFDCPA in a false,
      deceptive, or misleading manner that violated 15 U.S.C. § § 1692e,
      1692e(10), and Cal. Civ. Code § 1788.17.

38.   If a consumer were to open said envelope, the consumer saw a letter that
      indicated on one side, near the top when the envelope was opened and viewed
      without removing any documents, the statement, in very large font, with each
      word capitalized, "You Are Pre-Approved* For A New Visa® Credit Card,"
      along with two very large VISA Logos prominently featured on both sides of
      the letter, which contributed to an false overall appearance that this initial
      communication to Plaintiff was nothing more than a commercial
      advertisement for a "Pre-Approved Visa® Credit Card," commonly referred
      to as "junk mail," and was not an attempt to collect a debt.

39.   On September 10, 2004, Synovate, a public sector research group, prepared a
      study on credit card offers similar to, or the same as, the credit card offer
      being used here by Defendants, for the United States Federal Trade
      Commission.    In this study, Synovate found that when consumers are
      confronted by the types of commercial envelopes Defendant used in this
      matter, attempting to sell pre-approved credit card offers, 52.1% of consumers
      will not even open them.   Additionally, 32.7% will open them, but merely
      "skim" the contents.   Consequently, 84.8% of consumers will not see that
      these communications are actually from a debt collector and will also not be
      made aware of their rights or that the consumer now has only thirty days in
      which to invoke certain protections under federal and state law.

40.   For over a year prior to mailing this January 20, 2008 communication to
      Plaintiff, Defendants were on notice of the Synovate study, and that the FTC

HYDE & SWIGART
San Diego, California

has determined that communications of the type here mislead consumers into believing said communications are "junk mail," and that consumers usually discard these communication without opening them, or that consumers open them and do not read their contents adequately, due to the overall context and appearance of these communications, and consequently, the actions and omissions by Defendants were also knowing and willful.

41.   Defendant Resurgent has previously been sued for similar illegal conduct, in the United States District Court, Southern District of California, <u>Case No. 06 CV 2253 JM (RBB)</u>, and both Defendants are aware of this fact.

42.   In that prior case, the Court ruled, in response to Defendant's Fed. R. Civ. P. 12(c) motion, that Defendant Resurgent violated the law when it used communications nearly identical to those received by Plaintiff here.   In that case, Defendant Resurgent violated the same provisions here except that they used slightly different language.

43.   This communication by Defendant Resurgent and Defendant Commerce Bank was designed to, and did in fact, give the impression that said communication was "junk mail," and consequently, a least sophisticated consumer was likely to discard the communication, unread, and to the consumer's detriment. Consequently, any notice to consumers in this initial communication was ineffectual in its convenance and evaded the spirit of the notice statute by misleading the debtor into disregarding any enclosed notices.

44.   The notice required by 15 U.S.C. § 1692g, and enclosed in this initial January 20, 2008 communication to Plaintiff by Defendants, was overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g because Defendants' actions or omissions in designing said envelope and the enclosed communication attempted to limit the rights available to Plaintiff in a manner that would confuse or mislead the least sophisticated consumer into disregarding his or her rights pursuant to that notice.

HYDE & SWIGART
San Diego, California

45.  The notice related to Cal. Civ. Code § 1812.700, also enclosed in this initial January 20, 2008 communication to Plaintiff by Defendants, was overshadowed, weakened, and failed to comply with, the notice required by Cal. Civ. Code § 1812.700 because Defendants' actions or omissions in designing said envelope and enclosed communication attempted to limit the rights available to Plaintiff in a manner that would confuse or mislead the least sophisticated consumer into disregarding his or her rights pursuant to that notice.

46.  The notice related to Cal. Civ. Code § 1788.17, through 15 U.S.C. § 1692g, enclosed in this initial January 20, 2008 communication to Plaintiff by Defendants, was overshadowed, weakened, and failed to comply with, the notice required by Cal. Civ. Code § 1788.17 because Defendants' actions or omissions in designing said envelope and enclosed communication attempted to limit the rights available to Plaintiff in a manner that would confuse or mislead the least sophisticated consumer into disregarding his or her rights pursuant to that notice.

*False, Deceptive, Or Misleading Representations*

*Or Means In Connection With The Collection Of A Debt*

47.  Because the communications by Defendants to Plaintiff were ineffectual in their conveyance and evaded the spirit of the notice statute through the use of said envelopes and letters, Defendants employed a false, deceptive, or misleading means in connection with the collection of the alleged debt.  As such, Defendants violated 15 U.S.C. §§ 1692e, 1692e(10), and because Defendants violated 15 U.S.C. §§ 1692e and 1692e(10), Defendants also violated Cal. Civ. Code § 1788.17.

*Violation of 15 U.S.C. § 1692f(8)*

48.  Because Defendants used language or symbols on the outside of an envelope while communicating with a consumer that gave the impression this envelope

HYDE & SWIGART
San Diego, California

1    was a commercial advertisement and offer of a "pre-approved credit card,"

2    and because said language or symbols would cause a least sophisticated

3    consumer to disregard his or her legal rights, said language or symbols were

4    harmful rather than benign, and therefore Defendants violated 15 U.S.C. §

5    1692f(8).

6                              CLASS ALLEGATIONS

7    49.   Plaintiff brings this action on his own behalf, and on behalf of all others

8          similarly situated (the Classes).

9    50.   For purposes of the First Claim for Relief, the FDCPA Claim, the class period

10         is one year prior to the filing of this Complaint.  For purposes of the Second

11         Claim for Relief, the RFDCPA Claim, the class period is one year prior to the

12         filing of this Complaint.

13   51.   This action pleads the following class action allegations.

14         1. Plaintiff defines **Class 1** as (i) all persons with addresses within the

15            United States (ii) who were sent an initial written communication, as

16            defined under 15 U.S.C. § 1692g, which was similar or identical to the

17            January 20, 2008 correspondence mailed to Plaintiff, attached hereto as

18            Exhibit A, (iii) to recover a consumer debt (iv) which violated the

19            FDCPA by overshadowing the notice requirements of the FDCPA, or

20            which violated the FDCPA by using false, deceptive, or misleading

21            representations or means in connection with the collection of a debt (v)

22            and these communications were not returned undelivered by the United

23            States Postal Service.

24         2. Plaintiff define **Class 2** as (i) all persons with addresses within the state

25            of California (ii) who were sent an initial written communication, as

26            defined under Cal. Civ. Code §1812.700 (b), which was similar to or

27            identical to the January 20, 2008 correspondence mailed to Plaintiff,

28            attached hereto as Exhibit A, and described above (iii) to recover a

HYDE & SWIGART
San Diego, California

consumer debt (iv) which violated the RFDCPA by overshadowing the notice requirements of the RFDCPA, or which violated the RFDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt (v) and these communications were not returned undelivered by the United States Postal Service.

52. The Classes are composed of thousands of persons, the joinder of which would be impractical. The individual identities of the individual members are ascertainable through Defendants' records or by public notice.

53. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a) Whether Defendants' violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.;

b) Whether Defendants' violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.;

c) Whether the Classes are entitled to the remedies available to Plaintiff in the FDCPA;

d) Whether the Classes are entitled to the remedies available to Plaintiff in the RFDPCA;

e) Whether the Classes are entitled to declaratory relief;

f) Whether the Classes are entitled to injunctive relief;

g) Whether the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

h) Whether the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and

i) Whether the Classes are entitled to any other remedies.

54. Plaintiff will fairly and adequately protect the interests of the class.

55.   Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

56.   Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

57.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with Federal and State Law.  The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under the RFDCPA. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

58.   Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the class as a whole.

59.   Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

CAUSES OF ACTION

FIRST CLAIM FOR RELIEF

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. §§ 1692g

60.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.   The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to, 15 U.S.C. § 1692g because Defendants ineffectively conveys the notice requirements of 15 U.S.C. § 1692g, which Congress required must be conveyed effectively to consumers. Defendants purported 15 U.S.C. § 1692g notice is integrated into a letter that

HYDE & SWIGART
San Diego, California

1    gives the clear appearance that it is nothing more than a pre-approved credit

2    offer in a manner that would confuse or mislead the least sophisticated

3    consumer into disregarding his or her rights pursuant to that notice.

### SECOND CLAIM FOR RELIEF

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

7    62.    Plaintiff incorporates by reference all of the above paragraphs of this

8    Complaint as though fully stated herein.

9    63.    The foregoing acts and omissions constitute numerous and multiple violations

10    of the RFDCPA.

11    64.    As a result of each and every violation of the RFDCPA, Plaintiff is entitled to

12    any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

13    damages for a knowing or willful violation in the amount up to $1,000.00

14    pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and

15    costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

### PRAYER FOR RELIEF

17    **WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and

18    Plaintiff be awarded damages from Defendant, as follows:

### FIRST CLAIM FOR RELIEF

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

22    65.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

23    66.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)

24    (2)(A);

25    67.    An award of costs of litigation and reasonable attorney's fees, pursuant to 15

26    U.S.C. § 1692k(a)(3).

27

28

HYDE & SWIGART
San Diego, California

**SECOND CLAIM FOR RELIEF**

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788-1788.32**

68.   An award of actual damages pursuant to California Civil Code § 1788.30(a);

69.   An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

70.   An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

**TRIAL BY JURY**

71.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: December 22, 2008                    **Hyde & Swigart**

By: _____
Robert L. Hyde

**EXHIBIT A**

# RESURGENT
*Capital Services L.P.*

P.O. Box 5025
Sioux Falls, SD 57117-5025

*A-02-HWU-BM-07911

VICTOR G CATALA
7129 HYATT ST
SAN DIEGO CA 92111-6124

40

Reference #: 030469769

Victor,

Resurgent Capital Services L.P. ("Resurgent") is expanding the options available to you to resolve your debt. **LVNV Funding LLC now owns the debt you originally owed to Providian Financial Corp (original account number 4361452100518552). As of the date of this letter, the balance you owe on your debt is $3125.03. This debt remains seriously past due.**

### IMPORTANT TIME SENSITIVE INFORMATION REGARDING YOUR DEBT

Unless you notify Resurgent within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, Resurgent will assume this debt is valid. If you notify Resurgent in writing within 30 days of receiving this notice, Resurgent will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request Resurgent in writing within 30 days after receiving this notice, Resurgent will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**
**This communication is from a debt collector.**

Resurgent is offering you an opportunity to resolve this debt. Arrangements have been made for you to obtain a Pre-Approved* Visa credit card issued through Plains Commerce Bank, Hoven, South Dakota, Member FDIC. You can pay your $3125.03 debt in full by balance transferring $2810.00 of your debt to a new Visa credit card, and when your credit card is issued, the remaining $315.03 will be forgiven. (Additional details regarding this credit card offer are on the back side of this mailer).

**Call Resurgent at 1-866-206-9770 or fill out and return the REPLY CARD to sign up for your new Visa credit card.**

If you apply for the Visa credit card, your card will not be issued until after the 30 day period (mentioned above in the gray shaded box) has expired. If you apply for the credit card and dispute or request information regarding your debt during the 30 day period, Resurgent will process your dispute or request for information as required by law. Subsequently, upon your request, Resurgent will process your credit card application if permitted by applicable law and the terms of this offer.

If you are not interested in obtaining a Visa credit card to pay your debt, you can contact us to set up a cash repayment plan for your debt.

**\*PRE-APPROVED TERMS:** To obtain a new Visa credit card from Plains Commerce Bank, you authorize the payment of your debt in full by balance transferring $2810.00 of your debt to the new credit card. The offer of this Plains Commerce Bank Visa credit card is subject to the following conditions: (1) you must be at least 18 years of age; (2) you must be a United States resident with a valid Social Security number; (3) your debt must not have been previously discharged through bankruptcy and you must not currently be in bankruptcy proceedings; (4) you have not already been approved for a credit card under this program; (5) you have not made additional payments or set up payment arrangements on this debt; and (6) verification of the information you provide in your application.

**This credit card offer expires on and may not be valid after 02/11/2008. (approximately 40 days following your receipt of this notice)**

See reverse side for information on this offer including credit card interest rate, fees, other cost information.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### REPLY CARD

By signing below, I am acknowledging that I have read both sides of this mailer and that I am applying for a Visa credit card issued by Plains Commerce Bank. I represent that I meet the Pre-Approved* terms set forth above on this mailer. I authorize the payment of my debt in full by balance transferring $2810.00 of my debt to the new credit card. I understand that my new Visa credit card will not have any available credit upon issuance. I agree to the terms and conditions of the Credit Account Agreement, including arbitration, which will be sent to me.

**CUSTOMER INFORMATION**
**VICTOR G CATALA**
**7129 HYATT ST**
**SAN DIEGO CA 92111-6124**

**WE MUST OBTAIN YOUR HOME ADDRESS. If the address above is incorrect, or a business address, please provide your home street address. DO NOT USE THIS REPLY CARD if you need to change any of the CUSTOMER INFORMATION. Call us at 1-866-206-9770 and we will process your application over the phone and make the requested changes.**

DATE OF BIRTH

SOCIAL SECURITY NUMBER

HOME PHONE

BUSINESS PHONE

SIGNATURE:

DATE:

030469769-OFFINCA-RSD-199AF21-VBU1-50449-021108

# VISA® You Are Pre-Approved* For a new Visa® Credit Card and you can reduce your debt by $315.03
### *(See front side for the PRE-APPROVED TERMS)

**VISA**

Arrangements have been made with Resurgent for you to obtain a Visa credit card issued through Plains Commerce Bank, Hoven, SD, Member FDIC. You can pay your $3125.03 debt in full by balance transferring $2810.00 of your debt to a new Visa credit card, and when your credit card is issued, the remaining $315.03 will be forgiven. When you accept this offer, collection activity on your debt will stop.

**The initial balance due and credit limit on your new Visa credit card will be $2810.00. You will have no available credit when you receive your credit card.** By making timely and consistent monthly payments, you will build available credit on your credit card. Every month you need to make your minimum payment. Making more than your minimum monthly payment each month will create available credit more quickly. Available credit becomes the purchasing power on your Visa credit card, which can be used everywhere that Visa credit cards are accepted. Your minimum monthly payment will be equal to 3% of the balance due on your credit card, or $20, whichever is greater. Your first minimum monthly payment of $85.00 will be due approximately 20 days after you receive your first credit card statement.

Your new credit card account will be reported to the credit bureaus once you make a payment or charge on your new credit card. If you choose not to make a payment or charge on your new credit card during the first three billing cycles (approximately 90 days), (i) your new credit card will be cancelled, (ii) your old debt will be reinstated (including the reversal of any old debt forgiveness granted in connection with the issuance of the new credit card), and (iii) collection activity on your old debt may resume.

Fill out the REPLY CARD on the front of this mailer and return it to us in the enclosed postage-paid envelope. For immediate processing or for more information, call Resurgent toll free at 1-866-206-9770 during business hours Mon-Fri: 7am to 9pm; Sat: 8am to 3:30pm Central Time. Resurgent Capital Services L.P., is a registered Visa® Independent service organization. **Your Reference Number is 030469769.**

## Fill out and return the attached REPLY CARD or CALL TOLL FREE 1-866-206-9770

**This credit card offer expires on and may not be valid after 02/11/2008. (approximately 40 days following your receipt of this notice)**

## IMPORTANT RATE AND FEE DISCLOSURES

| | |
|---|---|
| Annual Percentage Rate for Purchases | **19.9%** |
| Other APRs | Cash Advance APR: 19.9%, Balance Transfer APR: 19.9% |
| Grace Period for Repayment of Balances for Purchases | At least 20 days (provided you paid your previous Balance in full by the due date) |
| Method of Computing the Balance for Purchases | Average Daily Balance (including new purchases) |
| Annual Fee | $35.00 per year (waived first year)  ** |
| Minimum Finance Charge | $.50 |
| Cash Advance Fee | 3% of the amount of the Cash Advance but not less than $5 |
| Balance Transfer Fee | NONE |
| Late Charge/ Overlimit Charge | $19.00 / $19.00 |

** The Annual Additional Card fee is not charged the first year and will be posted to the Account with the Annual Fee upon the annual renewal of the Account.
**OTHER FEES/CHARGES:** Returned Payment Charge $19.00, Replacement Card Charge $20.00, Copying Charge $3.00/page. All fees charged to your Visa credit card account are subject to periodic finance charges. **The terms of your Visa credit card account, including any APR (or how an APR is calculated) are subject to change at any time. Any changes will be made in accordance with the Credit Account Agreement.**
**CREDIT BUREAU REPORTING:** If you pay your debt in full by balance transferring $2810.00 of your debt to a new Visa credit card, the $2810.00 transferred, any charges and your payment performance on your new Visa credit card account will be reported to the credit bureaus even if the debt being paid by the balance transfer could not be legally reported to the credit bureaus.
**AUTHORIZATION:** By requesting a new Visa credit card you are authorizing Plains Commerce Bank and its agents to obtain credit reports about you, both now and in the future, for any legitimate business purposes associated with the credit account or the request for an account, including, but not limited to, reviewing, modifying, renewing or collection on your credit account. Information regarding your debt has not been shared with Plains Commerce Bank. By applying for a credit card, you are authorizing Resurgent to share your information with Plains Commerce Bank.
**BANKRUPTCY:** To the extent your debt has been previously discharged in bankruptcy, or you are currently in a bankruptcy proceeding, this communication does not constitute a demand for payment or an attempt to collect your debt and should be disregarded.
**DEBT BALANCE DISCLOSURE:** The owner of your debt may have the right to add interest to your debt while it remains unpaid. This means, if and when, you accept this credit card offer the amount due on your unpaid debt may be greater than $3125.03. However, if you accept this offer before it expires, Resurgent will honor the debt balance of $3125.03. The interest rate that would be charged on the new credit card account may be higher than the interest rate the owner may be charging on your unpaid debt.
**USA PATRIOT ACT:** Federal law requires us to obtain, verify, and record information that identifies each person who opens a credit card account in order to help the government fight the funding of terrorism and money laundering activities. To process the application, we must have your name, street address, date of birth, and other identifying information, and we may ask for identifying documents from you as well.
**Residents of California.** A married applicant may apply for a separate account. As is required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to LVNV Funding LLC to a credit reporting agency if you fail to fulfill the terms of your credit obligations.
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

1ST NOTICE

PO BOX 5025
SIOUX FALLS SD 57117-5025

VICTOR G CATALA
7129 HYATT ST
SAN DIEGO CA 92111-6124

*A-02-1-1W0-BM-07911

40

# IMMEDIATE REPLY REQUESTED

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
PAID
PERMIT NO. 4
ZIP CODE 14304

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Victor Catala individually and on behalf of all others similarly situated

## DEFENDANTS
Resurgent Capital Services L.P. and Plains Commerce Bank

FILED
08 DEC 24 PM 4: 32

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Minnehaha**
(IN U.S. PLAINTIFF CASES ONLY)
SOUTHERN DISTRICT COURT
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

**08CV 2 4 0 1  DMS (NLS)**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                       and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq
Brief description of cause:
Debt Collection Abuse

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
Excess of 1,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                                    DOCKET NUMBER

DATE
12/22/08
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 158505    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

TAC   12/24/08

ORIGINAL

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 158505   — TC
* * C O P Y * *
December 24, 2008
15:17:19**

**Civ Fil Non-Pris**
Amount.:                    $350.00 CK
Check#.: 2761

**Total—>   $350.00**

FROM: CATALA VS CAPITAL SERVICES