1

2   Robert L. Hyde, Esq. (SBN: 227183)
    bob@westcoastlitigation.com
3   Joshua B. Swigart, Esq. (SBN: 225557)
    josh@westcoastlitigation.com
4   **Hyde & Swigart**
    411 Camino del Rio South, Ste. 301
5   San Diego, CA 92108
    Telephone:   (619) 233-7770
6   Facsimile:   (619) 330-4657

7   Attorneys for Plaintiff

8

9

10          **UNITED STATES DISTRICT COURT**

11          **SOUTHERN DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| **VICTOR CATALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>          PLAINTIFF,<br><br>V.<br><br>**RESURGENT CAPITAL SERVICES, L.P., AND PLAINS COMMERCE BANK,**<br><br>          DEFENDANTS. | **CASE NO.: 08-CV-2401 DMS(NLS)**<br><br>**JOINT MOTION FOR CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:      November 16, 2009<br>Time:          3:30 p.m.<br>Courtroom:  G<br>Hon. Nita L. Stormes |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  MOTION TO CONDITIONALLY CERTIFY CLASS

#### A.    Nature of the Case

Plaintiff is a consumer allegedly delinquent and owing on consumer debts. Resurgent is a limited partnership that attempted to collect such debts from plaintiff.  Plaintiff contends that in attempting to collect the debts from him and the Class he seeks to represent, Resurgent mailed an envelope and/or a collection letter that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the California Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* ("Rosenthal Act").   Resurgent and Plains deny plaintiff's allegations and assert, *inter alia*, that any alleged violation, if it was a violation, was unintentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably formulated to avoid the violation.   Plains also contends that it is not a debt collector and for this additional reason not liable under the FDCPA or Rosenthal Act.

Defendants join in the request for certification solely for settlement purposes.  In the event that the settlement is not approved or as may otherwise be provided in the Settlement Agreement, the parties stipulate that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendants' rights to contest certification on any legal or equitable grounds.

As set forth in the Class Action Settlement Agreement filed herewith, the proposed settlement class consists of:

> All individuals in the State of California, during the Class Period, who were sent an envelope by Resurgent Capital Services, L.P. that was light blue in color, bearing white clouds as a design, a stamp that indicated it was "PRESORTED FIRST CLASS MAIL," and/or the words "IMMEDIATE REPLY REQUESTED," and/or were sent a collection letter from Resurgent Capital Services, L.P. bearing the representations "YOU ARE PRE-APPROVED* FOR A NEW VISA® CREDIT CARD" and "Arrangements have been made for you to obtain a Pre-Approved* Visa credit card issued through Plains Commerce Bank"

The Class Period is defined in the Settlement Agreement as December 24, 2007 to December 24, 2008.

The Settlement agreed to by the Parties is summarized as follows:

Defendants agree to provide the following relief to Plaintiff and the Class:

A.   Defendants shall pay to San Diego County Legal Aid Society, through Plaintiff's counsel, as a *cy pres* distribution on behalf of the Class, the total sum of $35,000, which is approximately $10,000 more than 1% of Resurgent's net worth, the maximum amount of damages allowed in an FDCPA class action under 15 U.S.C. §1692K(a)(2)(B).

B.   Defendants will pay Plaintiff an incentive payment of $2,500, subject to Court approval, for his efforts in litigating this action.

C.   Defendants shall be responsible for, and shall bear the costs of, publication of the class notice.  Defendants shall also pay up to $5,000 to Gilardi & Company LLC, a third-party administrator, for settlement administration services performed by Gilardi pursuant to its separate agreement with Class Counsel.

D.   Subject to approval of the Court, Defendants have agreed to pay to Class Counsel attorneys' fees and expenses not to exceed $35,000.

**B.   The Settlement Class Meets the Requirements of Rule 23(a)**

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions.   One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.   The proposed settlement meets the requirements for class certification under Rule 23:

1.  Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable.   There are 195,561 potential Class Members, easily satisfying this requirement. *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal.

2000) (when the class comprises 40 or more members, the numerosity requirement is satisfied).

### 2. Commonality

A common nucleus of operative facts is enough to satisfy the commonality requirement of Rule 23(a)(2).  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).   Plaintiff contends that there are common questions of law or fact affecting the class, and that these questions include but are not limited to:

a. whether Defendants violated the FDCPA and the Rosenthal Act;

b. whether Plaintiff and the other Class Members are entitled to recover statutory damages and, if so, in what amount; and

c. whether Plaintiff and the other Class Members are entitled to recover attorney's fees and, if so, in what amount.

### 3. Typicality

A class representative's claims are typical of those of the proposed class members (Rule 23(a)(3)) if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical.   *In re Paxil Litigation*, 212 F.R.D. 539, 550 (C.D. Cal. 2003).   For purposes of this settlement, the Parties stipulate that Plaintiff's claims are typical of the claims of the class. Plaintiff alleges that he and the absent Class Members were sent an envelope by Resurgent that was light blue in color, bearing white clouds as a design, a stamp that indicated it was "PRESORTED FIRST CLASS MAIL," and/or the words "IMMEDIATE REPLY REQUESTED," and/or sent a collection letter bearing the

representations "YOU ARE PRE-APPROVED* FOR A NEW VISA® CREDIT CARD" and "Arrangements have been made for you to obtain a Pre-Approved* Visa credit card issued through Plains Commerce Bank."   Plaintiff contends that both the envelope and letter violated the FDCPA and the Rosenthal Act.

        4.  Adequacy of Representation

Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class.   Adequacy of representation consists of two prongs: (1) that the representative party's attorneys are qualified, experienced and generally able to conduct the litigation; and (2) that the suit is not collusive and plaintiff's interest is not antagonistic to the class.  *In re United Energy Corp. Solar Power Modules Tax Shelter Investors Securities Litigation*, 122 F.R.D. 251, 257 (C.D. Cal. 1988).

Plaintiff asserts that he will adequately represent the interests of the class. Plaintiff believes that he has no interests adverse to other members of the Class. Plaintiff has hired the undersigned attorneys, who are qualified, experienced and generally able to conduct the litigation and represent them in this matter.   See Declaration of Josh B. Swigart in Support of Preliminary Approval ("Swigart Decl."), filed herewith.

**C.**    **The Proposed Class Meets the Requirements of Rule 23(b)(3)**

Pursuant to Rule 23 an action may be maintained as a class action if the four elements described above are satisfied, and in addition, the Court finds, pursuant to

Rule 23(b)(3), that the prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants, or that questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Plaintiff alleges that the causes of action forming the basis of the class claims in this case are such that the prosecution of separate actions by individual members of the class would create the risk of establishing incompatible standards of conduct for Defendants.

Additionally, the Parties agree for purposes of this settlement that the questions of law and fact common to the members of the class predominate over any questions affecting only individual members, *Blackie v. Barrack*, 524 F.2d 891, 905-06 (9th Cir. 1975), and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy in this case because a class action resolution of the issues described above outweighs the difficulties in management of the class as separate claimants.   A class action is the superior method of resolving large scale claims if it will achieve economies of time, effort and expenses, as well as promote uniformity of decision as to persons similarly situated.   *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615-617 (1997).   This

case is certainly a superior method of resolution of the claims at issue in this action.

The Parties agree that the requirements for class certification under Rule 23 have been met for the sole purpose of effectuating settlement of this disputed claim.  Nothing in regard to the settlement of this disputed claim shall be construed as an admission that Plaintiff has satisfied the substantive requirements of Rule 23. The treatment of this matter as a class for purposes of settling this disputed claim shall not be admissible to support class certification in any other matter.

**D.     Class Type**

Plaintiff and Defendants ask the Court to certify an "opt out" class.  Class members may seek to be excluded from the Agreement and the lawsuit by opting out of the settlement class within a time period, proposed by the Parties here, thirty-five (35) days after the Notice process has been completed, and as approved by the Court.  Any Class member who opts out of the settlement class shall not be bound by the terms of the settlement.

**E.     Joint Motion**

In light of, and subject to the approval of the settlement agreement attached hereto as Exhibit A, Plaintiff and Defendants jointly move that the Court certify Plaintiff as class representatives and Plaintiff's attorneys as class counsel.  In the event that the proposed settlement is not approved, however, the Parties agree that any agreement to certify this Class for settlement purposes shall be null and void

and the Parties shall return to their respective positions at the time this Joint Application is submitted to the Court for approval.

The Parties have agreed that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the issue of certification at any such contested hearing.   They have further agreed that certification of the class is conditioned upon:

(a)     The accuracy of the representations and warranties contained in the Settlement Agreement;

(b)     Performance by the parties of their respective obligations under the Settlement Agreement in all material respects prior to the Consummation Date (as defined in the Settlement Agreement);

(c)     Entry of a final order releasing on behalf of Plaintiff and the Class, all of the Released Claims as defined in the Settlement Agreement; and

(d)     Verification by declaration under penalty of perjury, given by an officer of Resurgent and submitted to Class Counsel for their review but not for filing as a public record, that accurately represents the net worth of the Resurgent.

(e)     Receipt by the parties of all documents reasonably required to implement the Settlement Agreement.

In the event that any one of the foregoing conditions is not met as required by the Settlement Agreement, Plaintiff and Defendants agree that any agreement to certify

this Class for settlement purposes shall be null and void and the Parties shall return to their respective positions at the time this Joint Application is submitted to the Court for approval.  A proposed Order for Preliminary Approval is attached to the Settlement Agreement as Exhibit B.

## II.  MOTION TO APPROVE SETTLEMENT

### A.   THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

#### 1.Standard for Preliminary Approval of Settlement Agreements.

Rule 23(e)(i)(C) provides:  "The court may approve a settlement, voluntary dismissal or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal or compromise is fair, reasonable and adequate."  *The Manual for Complex Litigation*, Fourth § 21.632 (2004), sets forth the procedures for preliminary approval of settlements:  "The judge must make a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."

At the preliminary approval stage, the question for the Court is whether the settlement falls within the "range of possible approval," and is sufficiently fair, reasonable and adequate to warrant notice apprising class members of the proposed settlement and to establish procedures for a final settlement hearing under Rule 23(e).  *Molski v. Gleich*, 318 F.3d 937, 944 (9th Cir. 2003).

Preliminary approval of a settlement and provisional certification of a settlement class is appropriate if the settlement "falls within the range of possible approval," thereby justifying notice to the proposed class. *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997); *see also In re Bromine Antitrust Litigation,* 203 F.R.D. 403, 416 (S.D. Ind. 2001) (same); *In re Holocaust Victim Assets Litigation*, 105 F.Supp. 2d 139, 144 (E.D.N.Y. 2000) (preliminary approval and class certification allowed for implementation of second step in settlement evaluation process – dissemination of notice).   As one court has explained:

> In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice.   Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, preliminary approval is granted.

*In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. at 102 (citing the Manual for Complex Litigation, 3d, Section 30.41).

The *Manual for Complex Litigation, 3d*, characterizes preliminary approval as an "initial assessment" of the fairness of the proposed settlement made by the Court on the basis of written submissions and informal presentation from the settling parties.   The *Manual, 3d* summarizes the preliminary approval criteria as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly

preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*Manual, 3d, supra*, 30.41, p. 237.

The purpose of the preliminary approval process is to determine whether the proposed settlement is within the range of reasonableness and thus whether notice to the class of the terms and conditions and the scheduling of a formal fairness hearing is worthwhile.  1 *Newberg on Class Actions* § 11:25 (4th ed.) ("Preliminary Court Approval"); *Liebman v. J.W. Petersen Coal & Oil Co.*, 73 F.R.D. 531 (N.D. Ill. 1973).

**B.** **The Settlement is Fair and Reasonable**

The parties have agreed in principle to a settlement of this suit on a class-wide basis.   The essential terms of the settlement are set out in the Settlement Agreement attached hereto as ***Exhibit A***.   The Settlement Agreement provides that the Court will certify Plaintiff as the class representative and Plaintiff's attorneys as class counsel.   The Settlement is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

Subject to the terms of the Settlement Agreement, Defendants agree to provide the following relief to Plaintiff and the Class:

A. Defendants shall pay to San Diego County Legal Aid Society as a *cy pres* distribution on behalf of the Class the total sum of $35,000.  One percent (1%) of the Resurgent's net worth, the maximum amount of damages allowed in an FDCPA class action under 15 U.S.C. § 1692k(a)(2)(B), is $25,850.   Thus, the proposed settlement is substantially in excess of what Plaintiff and the Class could recover against Resurgent alone.

B. Defendants will pay named Plaintiff, Victor Catala, an incentive payment of $2,500, subject to Court approval, for his efforts in litigating this action.

C. Defendants shall be responsible for publication of the Class Notice and shall bear the costs of notice by publication.   Defendants shall also pay Gilardi & Company LLC, a third-party administrator, a sum not to exceed $5,000 for settlement administration services provided by Gilardi pursuant to an agreement between Gilardi and Class Counsel.

D. Subject to approval of the Court, Defendants shall pay the reasonable fees and expenses of Plaintiff's attorneys in an amount not to exceed $35,000.

The proposed settlement satisfies the standards summarized above for preliminary approval of a settlement in the *Manual for Complex Litigation*.  First, the settlement will provide substantially more than the maximum amount of

damages that could ever be recovered from Resurgent, even if Plaintiff prevailed at trial on his claims against Resurgent (i.e., 1% of Resurgent's net worth, as capped by 15 U.S.C. § 1692k(a)(2)(B)).  Thus, because the total amount of damages that could have been obtained at trial against Resurgent is obtained in this settlement, the settlement is fair and reasonable.   Furthermore, the claims against Plains are problematic, given Plain's position that it is not a "debt collector" and subject to liability in this action.  The amount of the settlement, over and above Resurgent's maximum exposure, reflects the de minimis exposure of Plains in this case.

Second, this settlement was reached after arms-length negotiations between the Parties.  Class Counsel are attorneys who are able to evaluate the proposed Settlement Agreement on behalf of the Class Members.  There is a presumption that a proposed settlement is fair and reasonable when it was the result of arms-length negotiations.  *See* 4 *Newberg On Class Actions*, § 11.41 at 90 (4th Ed. 2002).  The court must look at the negotiating process leading to settlement in order to ensure that the compromise is the result of arms-length negotiations and that plaintiff's counsel possessed the ability necessary to effectively represent the class's interests.  *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1983).  Here, Plaintiff's counsel recognized that while they may be able to establish liability at trial against Resurgent, the cap on damages established under the FDCPA effectively prevents them from recovering any more than what Defendants have agreed to pay in this settlement.

Experienced counsel, negotiating at arms length, have weighed these factors and endorse the settlement, as evidenced by the submission of this Joint Application.  As courts have stated, the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to significant weight." *Fisher Bros. v. Cambridge-Lee Industries, Inc.* 630 F. Supp. 482, 488 (E.D. Pa. 1985); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight").

The parties are mindful that the proposed settlement will not result in the payment of any sums to individual members of the Class other than the Plaintiff.  Under 15 U.S.C. § 1692k(a)(2)(B), however, the amount recoverable by a class cannot exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.  Given the size of the class (195,561 persons) and Resurgent's net worth, the most that could be distributed to any individual Class Member in a recovery from Resurgent would be approximately 13 cents, a *de minimis* recovery that would make distribution to individual Class Members impracticable.  Accordingly, the parties propose to pay over the maximum recoverable against Resurgent, plus an additional sum to reflect the dismissal of Plains -- a total of $35,000 -- to the San Diego County Legal Aid Society as a cy pres distribution for the indirect benefit of the class.  *Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, 2006 WL 3681138 (E.D.N.Y  December 11, 2006) ("defendants have agreed to furnish a cy pres payment of $15,000 as the portion of the settlement payable to the class. Were

the case to proceed to trial, the distribution to the class could not exceed $10,000, representing 1% of EEC's net worth of $1,000,000. With a class of over 45,000 persons, this recovery would be de minimis"); *see also Six (6) Mexican Mine Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir.1990) (noting that "[f]ederal courts have frequently approved [the cy pres] remedy in the settlement of class actions where the proof of individual claims would be burdensome or the distribution of damages costly").

**C. The Proposed Notice Satisfies Due Process And Should Be Approved.**

Notice to the class must be given to satisfy due process requirements. *Phillips Petroleum v. Shutts*, 474 U.S. 797, 812-813, (1985); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (the notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.")   Rule 23(B)(2)(B)   requires that the notice meet certain requirements:

**(B)** For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language:
   • the nature of the action,
   • the definition of the class certified,
   • the class claims, issues, or defenses,
   • that a class member may enter an appearance through counsel if the member so desires,

• that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
• the binding effect of a class judgment on class members under Rule 23(c)(3).

Furthermore, the notice need not be designed to give every class member notice but only be a reasonable attempt to apprise the members of the class of the settlement.  As set forth in *Newberg on Class Actions*,

> The nature and extent of Rule 23(e) class notice of a proposed settlement are left to the discretion of the trial court judge. Rule 23(e) notice is designed to be only a summary of the litigation and the settlement and it is crucial to apprise class members of the right and opportunity to inspect the complete settlement documents, papers, and pleadings filed in the litigation. The notice need not be unduly specific. The notice of the Proposed Settlement, to satisfy both Rule 23(e) requirements and constitutional due process protections, need only be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the settlement proposed and to afford them an opportunity to present their objections. Thus, due process does not require actual notice, but rather a good faith effort to provide actual notice. Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to apprize interested parties.

*7 Newberg on Class Actions* § 22:91 (4th ed.)

A copy of the proposed Class Notice, which the parties propose be given by publication in USA Today with a distribution throughout California, is attached to the Settlement Agreement as ***Exhibit C***.  The notice is written in plain English and includes:  (1) a description of the settlement class; (2) a description of the proposed settlement; (3) the names of counsel for the settlement class; (4) the final approval hearing date; (5) a statement of the deadlines for filing objections to the settlement and for filing a request for exclusion; (6) the consequences of being excluded from

the settlement class; (7) the consequences of remaining in the settlement class; (8) a statement of the Defendants' responsibility for the fees and expenses of class counsel; and (9) how to obtain further information.   The Notice provides Class Members with sufficient information to make an informed decision to object to any aspect of the proposed Settlement or opt out.

While individual notice is preferred where practicable, notice by publication should not present a problem in this case since there is no claims process involved, and the individual Class Members will not personally receive any funds from the settlement since the relief is the cy pres award.   Because of the limited amount of relief afforded under the FDCPA, due to the 1% cap on damages, the Class Members will not receive any individual damages.  Thus, there is no argument that class members as potential settlement fund claimants may be denied their share by not receiving actual notice.  There is no settlement fund and no award of damages to the individual Class Members.

Defendants will be responsible for publication of the Notice, and pay the cost of such publication, as set forth in the Settlement Agreement.  Resurgent has the names and addresses of the individual Class Members, at least to the extent they were accurate during the time the envelope and letter at issue in this action was sent to the Class Members and to the extent they are still accurate.   Even though individual notice would normally be required where the names and addresses of the class members are known,[1]  the parties submit that notice by

_____

[1] *See* Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacqulein*, 417 U.S. 156 (1974).

publication is the "best notice practicable" – indeed, the *only* notice practicable -- under the circumstances of this case.   The estimated cost of notifying the Class Members by mail is more than $200,000.  This one cost alone is almost eight times greater than the damages at stake in this litigation.  Individual notice to each Class Member is simply not practicable.   For this reason, the proposed settlement does not provide for individual notice.

### D. Final Order

At the Final Approval Hearing, the Parties will present a proposed final order giving effect to the Settlement and dismissing without prejudice all claims of any purported Class Members who have requested exclusion from the class.   A copy of that proposed order is attached to the Settlement Agreement as Exhibit D.

### E.    Release

Upon confirmation of the settlement at the Final Approval Hearing, the proposed final order will release Defendants of all liability to the Class for the Released Claims described in the Settlement Agreement and Class Notice and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

## III.    PROPOSED SCHEDULE FOR CLASS NOTICE AND HEARING

The following is the proposed schedule for Class Notice and Hearing, as detailed in the proposed Order submitted herewith:

| Date | Event |
| --- | --- |
| Nov. 16, 2009 | Hearing on Preliminary Approval of Settlement |
| Jan. 15, 2010 | Publication of Class Notice |

Feb. 26, 2010              Last day to file Motion for Attorneys' Fees and Costs

Feb. 26, 2010              Last day to file opt-outs, objections, intervention

Mar. 5, 2010              Last day to file Motion for Final Approval

Apr. 5, 2010              Final Approval Hearing

Apr. 5, 2010              Hearing on Fee Motion (if necessary)

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff and Defendants jointly request that the Court grant the following relief as set forth in the proposed Order for Preliminary Approval, attached hereto as Exhibit B:

1.     Preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement Agreement;

2.     Order that Plaintiff may act as representative of the Class and that Plaintiff's attorneys may act as counsel for the Class;

3.     Authorize the form and publication of the Notice and order that Defendants be responsible for, and pay the cost of, publication of the Notice, and pay costs of settlement administration to Gilardi & Company LLC in an amount not to exceed $5,000;

4.     Set a final approval hearing to determine whether the settlement is fair, adequate, and reasonable; and

5.     At such hearing approve the Settlement and grant final judgment.

1

Respectfully submitted,

2  HYDE & SWIGART
3  Robert L. Hyde Esq.
   Joshua B. Swigart, Esq.
4

5
   By___/s Joshua B. Swigart____
6

7  Attorneys for Plaintiff

8

9
   SIMMONDS & NARITA LLP
10 Michael R. Simmonds
   Tomio B. Narita
11

12

13
   By: _____/s/ Tomio B. Narita___
14           Tomio B. Narita
   Attorneys for Defendants
15 Resurgent Capital Services, L.P. and
   Plains Commerce Bank
16

17

18 LINDQUIST & VENNUM P. L.L.P.
   Kim Ruckdaschel-Haley
19

20

21
   By: _____/s/ Kim Ruckdaschel-Haley
22           Kim Ruckdaschel-Haley
   Attorneys for Defendant
23 Plains Commerce Bank

24

25

26

27

28