# EXHIBIT A

Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino del Rio South, Ste. 301
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 330-4657

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR CATALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>                    PLAINTIFF,<br><br>V.<br><br>**RESURGENT CAPITAL SERVICES, L.P., AND PLAINS COMMERCE BANK,**<br><br>                    DEFENDANTS. | **CASE NO.: 08-CV-2401 DMS(NLS)**<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

This Settlement Agreement ("Agreement") in the above-captioned case between plaintiff Victor Catala ("Plaintiff"), individually and on behalf of a class of similarly situated persons, and Defendants Resurgent Capital Services, L.P. ("Resurgent") and Plains Commerce Bank ("Plains"), collectively "Defendants," was reached after arms-length negotiations between counsel for all parties.

**RECITALS:**

A.     The Class Members are a class of individuals (as defined below) on whose behalf Plaintiff filed a class action complaint in the above-styled and numbered cause.  The Class Members are represented by Class Counsel.

B.     The Complaint in the class action alleges that Defendants violated the Fair Debt Collection Practices Act,15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. ("Rosenthal Act"), and that such alleged violations render Defendants liable for statutory damages, costs, and reasonable attorneys' fees.

C.     Defendants deny the material allegations in the Complaint, dispute both factually and legally that they are liable in any way to Plaintiff or the class he seeks to represent, and deny that their actions violated state or federal law in any manner.  As of May 31, 2009, Resurgent had a net worth of $2,585,000, and there are 195,561 persons in the Class as defined for purposes of this settlement.  Although Plains has a substantial net worth, Plains denies that it is a debt collector, within the meaning of the FDCPA and the Rosenthal Act, and there is, therefore, a

substantial risk to Plaintiff and the Class that no liability would be imposed upon Plains, regardless of the merits of the alleged violations.  Accordingly, Defendants assert that even if Plaintiff was to prevail against Resurgent, the maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to one percent (1%) of Resurgent's net worth, $25,850.00, or approximately thirteen cents (13¢) per class member, making a distribution of money to individual class members impracticable. Nevertheless, Defendants conclude that the further conduct of this litigation by it would be protracted and expensive, and that it is desirable that this litigation be fully, finally and forever settled in the manner set forth in this Agreement. Defendants are therefore willing to enter into this Agreement to avoid the further expense and inconvenience of litigation and to buy peace and resolve and settle all claims which have been made or could be made against them by Plaintiff and the Class arising out of the alleged statutory violations.

D.      Class Counsel have analyzed the facts and law relevant to this litigation and conducted discovery.  They recognize the substantial expense and delay associated with the continued prosecution of this litigation against Defendants through trial and through appeals.  Further, Class Counsel are mindful of the limitations on any possible recovery to the Class, even if the Class were to recover from Resurgent the maximum amount allowed by law, and recognize that protracted litigation is likely to serve the interests of no one and cause the Parties to needlessly incur legal fees.

E.    Based on Class Counsels' extensive analysis of the law and facts at issue in this litigation, and the fact that under the statutory scheme applicable to this case a distribution to the individual Class Members would be *de minimis* and impracticable, and pursuant to the advice of Class Counsel, Plaintiff has determined that a settlement on the terms set forth herein is fair, adequate, and reasonable, and thus, in the best interest of the Class.

F.    The Parties desire to enter into, and obtain approval of, this Agreement, pursuant Rule 23, Fed. R. Civ. P., in order to fully and finally resolve all claims and disputes arising out of, or related to Plaintiff's claims of violations of the FDCPA by Defendants or any of their officers, directors, shareholders, employees, agents, or representatives.

## ARTICLE I
## DEFINITIONS

When used in this Settlement Agreement, the following definitions shall apply:

1.1    "Agreement" means this Settlement Agreement in the above-styled and numbered cause.

1.2    "Business Day" means any day on which national banks are open for the conduct of general business; provided, however, that Saturdays shall not be considered Business Days.

1.3 "Class" means a class conditionally certified for purposes of settlement only, and in accordance with the terms of this Agreement only, which is described as: All individuals in the State of California, during the Class Period, who were sent an envelope by Resurgent Capital Services, L.P. that was light blue in color, bearing white clouds as a design, a stamp that indicated it was "PRESORTED FIRST CLASS MAIL," and/or the words "IMMEDIATE REPLY REQUESTED," and/or were sent a collection letter from Resurgent Capital Services, L.P. bearing the representations "YOU ARE PRE-APPROVED* FOR A NEW VISA® CREDIT CARD" and "Arrangements have been made for you to obtain a Pre-Approved* Visa credit card issued through Plains Commerce Bank"

1.4 "Class Counsel" means Robert L. Hyde, Esq. and Joshua B Swigart, Esq. of Hyde & Swigart.

1.5 "Class Members" means those persons who are a part of the Class.

1.6 "Class Notice" means the notice approved by the Court for publication, in a form substantially similar to that attached hereto as ***Exhibit C***.

1.7 "Class Period" means the period from December 24, 2007 through December 24, 2008.

1.8 "Conditional Certification Motion" is defined in Section 2.1(A) of this Agreement.

1.9 "Consummation Date" means the date upon which all obligations and duties of the Parties pursuant to the Agreement have been effectuated.

1.10   "Court" means the United States District Court for the Southern District of California.

1.11   "Defendants" means Resurgent Capital Services, L.P. and Plains Commerce Bank, and their current and former parents, subsidiaries, affiliates, divisions, sisters, partners and all of their current and former officers, directors, shareholders, managers, employees, partners, agents, representatives, successors, predecessors, clients, attorneys, assigns, independent contractors and insurers.

1.12   "Effective Date" means the date upon which this Agreement is finally approved by the Court, provided that any Defendant has not terminated the Agreement as provided in Section 5.2, including any appeal period.   This Agreement shall be finally approved only after the Court has entered the Final Order and Judgment and the time for perfecting an appeal of such Final Order and Judgment has expired with no appeal taken; final dismissal of any appeal taken; or affirmance of the Final Order which is not subject to further review by any court with appellate jurisdiction over the Litigation.  If the only appeal taken is an appeal on the Court's decision relating to the attorneys' fees and costs issue, the Litigation shall be considered "Final" as to all other issues and the Effective Date for all purposes other than the attorneys' fees and costs issues appealed shall be the date by which all other persons had to appeal the final approval order.  The parties agree that any appeal of the attorneys' fees and costs issue shall not delay or prevent the implementation of the settlement Agreement and the effectiveness of

the Court's Order granting final approval of the settlement, other than only that aspect relating to the attorneys' fees and costs in any such order.

1.13   "Fairness Hearing" means the hearing to be conducted by the Court pursuant to Fed. R. Civ. P. 23 to consider the fairness, adequacy, and reasonableness of the settlement reflected in this Agreement.

1.14   "Final Order and Judgment" means the final order and judgment to be entered by the Court approving this Agreement as fair, adequate, and reasonable under Fed. R. Civ. P. 23, confirming certification of the Class for settlement purposes only, enjoining future litigation by the Class Members, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, which shall be in substantially the same form as the attached ***Exhibit D***.

1.15   "Notice Date" means: (1) the date upon which the Class Notice is published in accordance with the Court's Preliminary Approval Order.

1.16   "Litigation" means the above-captioned case.

1.17   "Parties" means the Class Members, Class Counsel and Defendants.

1.18   "Preliminary Approval Order" is defined in Section 2.1(A) of this Agreement.

1.19   "Preliminary Approval Date" means the date that the Court enters its order granting the Joint Motion for Conditional Certification and Preliminary

Approval of Class Action Settlement Agreement, in a form substantially similar to that attached hereto as *Exhibit B*.

1.20 "Released Claims" means:

1.20.1 For Plaintiff, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, arising from the envelopes, mailers or other facts alleged in the Litigation, that he or his heirs, executors, administrators, successors, assigns, and attorneys may have against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., or the California Fair Debt Collection Practices Act (or "Rosenthal Fair Debt Collection Practices Act"), California Civil Code §§ 1788-1788.32, as of the date of this Agreement, it being the intent of Plaintiff to release all claims against Defendants under those Acts that were alleged, or could have been alleged, in the Litigation.

1.20.2 For the Class, any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the

Litigation that the Class Members or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys have and/or could assert against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. or the California Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32.

1.20.3    This Agreement and the settlement embodied herein shall not release any debts owed to Defendants by Plaintiff or the Class, nor shall this settlement operate as an accord and satisfaction of such debts.

**Article II**
**TERMS AND CONDITIONS OF THE SETTLEMENT**

Plaintiff and Defendants agree to the following settlement, subject to the terms and conditions of this Agreement and the terms and conditions of the incorporated documents.  The relief provided for under this Agreement is in full satisfaction of all of Defendants' liability for all Released Claims (as defined above) of Plaintiff and all of the Class Members.

2.1    *Class Action Settlement Procedures*

A.    Plaintiff and Defendants shall file a Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement

with the Court (the "Conditional Certification Motion") seeking entry of an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (the "Preliminary Approval Order") which would (1) certify, for settlement purposes only, a class of plaintiffs in the class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) preliminarily approve this Agreement, the proposed notice to the Class regarding the Settlement Motion and the relief sought thereby (the "Class Notice"); and (3) direct that the Class Notice be published in the manner described below.   The Conditional Certification Motion and the Preliminary Approval Order shall be in a form substantially similar to those attached hereto and incorporated herein by reference as ***Exhibits A*** and ***B***, respectively.   The Class Notice shall inform the Class of the nature of this Litigation, the proposed settlement, and the right of Class Members to object, and shall be in a form substantially similar to that attached hereto and incorporated herein by reference as ***Exhibit C***.  The Class Notice shall be disseminated solely by publication and shall be published by Defendants in a newspaper with a state-wide distribution.  Defendants agree to support the entry by the Court of the Conditional Certification Order.   Such certification, and Defendants' agreement to jointly request such certification, shall be expressly conditioned upon the Court's approval of the Final Order and Judgment.   Furthermore, Plaintiff and his attorneys will support the settlement and will take no action inconsistent with such support.

B.      The settlement shall be administered by Gilardi & Company LLC ("Gilardi"), pursuant to an agreement entered into between Class Counsel and Gilardi.  Defendants shall pay Gilardi up to Five Thousand Dollars ($5,000.00) for its services in administering the settlement.  There are no payments to be made or claims to be processed.  The tasks envisioned in the settlement administration are: 1) assist in placement of the published Notice; 2) respond to questions from potential Class Members in response to the published Notice; and 3) mail copies of the Notice to persons requesting the same.  The cost of publishing the Class Notice shall be borne by Defendants.    Class Counsel and Defense Counsel shall communicate and provide status updates to each other on the status of the administration of the notice and settlement compliance process, including without limitation the publication of the Class Notice, the receipt of any Request for Exclusion, and the receipt of any objections to the settlement.    The Parties acknowledge and agree that Class Counsel has the right to participate in, monitor and obtain information about the Notice and publication process from Defense Counsel.  If there is any dispute over the Notice procedure, or Class Counsel's right to participate in any part of the Notice or settlement compliance process, or the degree of participation permitted, those issues shall be resolved by the Court if the Parties are unable to do so informally.    The disputed procedures shall not proceed until the dispute is resolved.

C.    Plaintiff and Defendants shall file a Joint Motion for Approval of the Final Order and Judgment (the "Final Settlement Motion") seeking the entry of the Final Order and Judgment, finally approving the Agreement following the Fairness Hearing before the Court.  Among other things, the Final Order and Judgment shall include provisions which dismiss the Litigation with prejudice, approve the proposed relief to the Class, and grant the individual and class releases described in this Agreement.

D.    Defendants' agreement to support the Preliminary and Final Settlement Motions, for purposes of this Agreement only, shall be without prejudice to any *status quo ante* defenses, rights, or positions in the Litigation.  In the event this Agreement is not approved by the Court, or if approval of this Agreement, including the entry of the Conditional Certification Order or the Final Order and Judgment, is reversed or modified on appeal (except for the modification of any attorney's fee award), or any one of the conditions precedent set forth in Article V of this Agreement is not met or any termination right under Section 5.2 of this Agreement is exercised, then the Conditional Certification Order and the Final Order and Judgment, including, but not limited to, the conditional class certification entered to effectuate this Agreement, and all findings of fact and conclusions of law therein, shall be automatically dissolved without further order of the Court, null and void and of no force and effect, and in such event all *status quo ante* rights of Defendants to, among other things, (i) oppose

any subsequent efforts by the Plaintiff to certify this action as a class action, and (ii) assert all other defenses, rights, and positions, shall in all respects be unaffected and preserved, as shall those rights of Plaintiff and the Class.  The Conditional Certification Order and the Final Order and Judgment shall so provide.

2.2  *The Class.*  The Class is defined in Section 1.3 above.

2.3  *Settlement Consideration.*   Subject to the terms of this Agreement, Defendants agree to provide the following relief to Plaintiff and the Class:

A.  Defendants shall pay to the San Diego County Legal Aid Society, through Class Counsel, as a *cy pres* distribution on behalf of the Class the total sum of Thirty-Five Thousand Dollars ($35,000.00).

B.  Defendants will pay Plaintiff an incentive payment of Two Thousand Five Hundred Dollars ($2,500.00), subject to Court approval, for his efforts in this Litigation.

C.  Defendants shall be responsible for, and shall bear the costs of, notice by publication.  Defendants shall also pay up to Five Thousand Dollars ($5,000.00) to Gilardi for settlement administration, as set forth in Section 2.1(B) hereof.

D.  Subject to the approval of the Court, Defendants shall pay the reasonable attorney's fees and expenses of Class Counsel, as provided in Section 2.6 hereof.

2.4    *Class Members' Right to Opt-Out.*

Class Members may seek to be excluded from the Settlement Agreement and the lawsuit by opting out of the Class within the time period set by the Court. Any member who opts out of the Class shall not be bound by the terms of this Agreement.

2.5    *Class Members' Release and Exclusive Remedy.*

A.    Upon entry of the Final Order and Judgment, each Class Member, including the Plaintiff, on behalf of such Class Member and of any person claiming by or through such Class Member as heir, administrator, devisee, predecessor, successor, representative of any kind, or assignee, shall be deemed to release and forever discharge Defendants from any and all of the Released Claims.

B.    The relief described herein is the exclusive method of recovery and exclusive remedy for all Class Members for any and all of the Released Claims, and shall be in lieu of any other remedy or right of action against Defendants for the Released Claims. Accordingly, Defendants shall not be subject to liability of any kind to any Class Member with respect to any of the Released Claims, other than as set forth in this Agreement.

C.    Each Class Member, upon the Court's entry of a Final Order and Judgment, shall be enjoined by that Order from instituting or maintaining any action for the Released Claims against Defendants. The

Court's Final Order and Judgment shall enjoin such actions for the Released Claims.  The Court shall retain jurisdiction over the administration of this Agreement and may use its equitable powers to enforce this Agreement.

2.6     *Class Counsel's Attorney's Fees and Expenses*. Class Counsel will seek from the Court an award of reasonable attorney's fees and costs.  Defendants agree to pay the attorney's fees and costs awarded by the Court to the extent they do not exceed Thirty-Five Thousand Dollars ($35,000.00).   Should the Court award fees and costs less than $35,000.00, such award shall not be a basis for any party to withdraw from the settlement, but may be a basis of an appeal of that issue.

2.7     *Attorney's Fees of Individual Class Members*.  Any Class Member or other person may be represented by counsel of his or her choice, but all fees and expenses of such counsel, if other than Class Counsel paid under Section 2.6 hereof, shall be paid by the Class Member or other person.

2.8     *No Admission of Liability by Defendants*.   The parties and their attorneys stipulate that this Agreement does not constitute an admission by Defendants that any claim or fact alleged by any party in the Litigation is true or correct, and Defendants *expressly deny any liability or wrongdoing whatsoever* in connection with matters that are the subject of the Litigation.

2.9     *Objection Period for Class Members*.

A.     Class Members, or any other person, shall notify the Court and Class Counsel, in writing, of their intent to object to one or more of the terms of this Agreement or the Conditional Certification Order.   Class Counsel agrees to promptly transmit to counsel for Defendants any objections received from Class Members and any motion to intervene received from Class Members.

B.     Subject to Court approval, the Preliminary Approval Order will require that such notice of objections must:

(1)     set forth the objector's full name, current address, and telephone number;

(2)     contain the objector's original signature;

(3)     state that the objector objects to the settlement, in whole or in part;

(4)     set forth a statement of the legal and factual basis for the objection;

(5)     provide copies of any documents that the objector wishes to submit in support of his or her position.

C.     Subject to Court approval, the Preliminary Approval Order shall further provide:  Class Members, and all other interested persons, shall file such notice of objections with the Court and serve such notice of

objections upon Class Counsel at the address set forth in Section 5.7 no later than a date which is at least thirty-five (35) days after the Notice Date. Unless otherwise agreed by both Defendants and Class Counsel, any objection that is not timely filed with the Court, is not timely served on Class Counsel, or does not comply with the requirements set forth herein, shall not be heard during the Fairness Hearing and the Court will not consider the objection.

### ARTICLE III
### REPRESENTATIONS AND WARRANTIES

3.1    *Representations and Class Counsel's Warranties.*    Class Counsel represents and warrants that they believe the settlement set forth in this Agreement is in the best interest of the Class.   However, such representations shall not constitute the giving of legal advice to Defendants, who stipulate they are relying on the legal advice of their own attorneys in deciding whether to enter into this settlement.

3.2    *Representations and Warranties of the Plaintiff.*   Plaintiff represents and warrants as follows:

A.    that on the date of execution of this Agreement he is the owner of the individual claim asserted in the Litigation, that he has not assigned, pledged (except to his attorneys), sold or otherwise transferred such claims (or an interest in such claims), and that on the Effective Date,

he will own such claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses; and

B.     that this Agreement does not constitute an admission by Defendants that any claim or fact alleged by any party in the Litigation is true or correct, and Defendants have always and consistently expressly denied any liability or wrongdoing whatsoever in connection with matters which are the subject of the Litigation.

## ARTICLE IV
## CONDITIONS TO CLOSING

4.1.   *Conditions.*  The foregoing agreements of Plaintiff and Defendants are subject to the accuracy of the representations and warranties contained in this Agreement and to the performance by the parties hereto of their obligations under this Agreement in all material respects.  Additionally, Defendants' obligation to provide the class relief described herein and to proceed with closing shall be subject to the satisfaction of each of the following conditions to closing on or prior to the Consummation Date (unless such conditions are waived by both Defendants):

A.     the Effective Date shall have occurred, with the understanding that, as set forth above, any appeal by anyone as to the attorney's fees and costs issue shall not delay the time period for Defendants to perform

their other obligations under the Agreement and Final Order or Final Judgment;

B.   the Court shall have approved and signed a Final Judgment in substantially the same form as the attached ***Exhibit D*** that includes a release of all of the Released Claims;

C.   Defendants and Plaintiff shall have been furnished with such additional documents as may be reasonably required in order to implement the transactions contemplated by this Agreement;

D.   the representations and warranties contained in Article III of this Agreement shall be true and correct as of the date of execution of this Agreement.

## ARTICLE V

## MISCELLANEOUS PROVISIONS

5.1   *Appeals.*   In the event that an appeal is taken by a Class Member or any other person from the Conditional Certification Order or the Order Granting Preliminary Approval of the Settlement or the Final Order and Judgment, the parties to this Agreement agree to support the position on such appeal that the order or orders appealed from should be affirmed in its or their entirety, and to file briefs or other appropriate court papers in support of that position. Nothing contained herein, however, shall prejudice the rights of Plaintiff, Class Counsel, or Defendants to appeal from any order of the Court that is inconsistent with the orders contemplated by this Agreement.  Nothing in this Agreement shall prevent Plaintiff's counsel from filing any appeal on the issue of attorney's fees and costs,

and such appeal, if any, shall not affect the finality of any other aspect of this Agreement or the Final Approval Order.

5.2     *Termination.*   This Agreement shall be terminable by Defendants upon five (5) Business Days written notice in the event that any of the terms, conditions or representations of the Agreement are not accepted by the Court or adhered to by the Plaintiff or Class Counsel.   If this Agreement is terminated, Plaintiff, Defendants, and each Class Member shall be deemed to be in the same position as existed prior to its execution, with the same *status quo ante* rights and interests as they may have had absent the entry by Defendants and Plaintiff into this Agreement, and this Agreement and all other understandings and agreements between the parties and their respective counsel relating to the settlement shall be deemed to be null and void and of no force and effect.   In that event, the parties will jointly notify the Court of the need to schedule further proceedings.

5.3     *Distribution of Settlement Funds.*   Subject to Approval of the Court, within five (5) days after the Effective Date, Defendants shall tender to Class Counsel the sums due under this Agreement.

5.4     *No Admission.*   The Parties and their attorneys stipulate that this Agreement is a compromise of disputed claims, and that this Agreement is entered into without admitting any liability, which liability is expressly denied, and without agreement by any Party to any of the allegations made by another Party.   The Parties and their attorneys further stipulate that nothing contained in this

Agreement, the supporting documents, or the negotiations leading up to this Agreement shall be construed as an admission of liability or wrongdoing of any kind, or -- in the event that this Agreement is terminated -- as a waiver of any claim or defense that Defendants or Plaintiff may have in the Litigation, nor of Plaintiff's right to seek class certification on a contested basis, nor of Defendants' right to oppose such certification.

5.5     *Entire Agreement*.  This Agreement, including all referenced Exhibits, is the entire agreement of the Parties.  All antecedent or contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

5.6     *Modification*.  No modification of this Agreement may be made, except by written agreement executed by Plaintiff, Class Counsel and Defendants, and approved by the Court.

5.7     *Notices*.  All notices to Class Counsel and Defendants required under this Agreement shall be sent by first class U.S. mail, by hand delivery, or by facsimile to the recipient designated in this Agreement.   The timeliness of all submissions and notices shall be measured by the date of the postmark (if sent by mail), or by the date of receipt (if hand delivered or sent by facsimile).   The persons designated to receive notice are as follows:

Robert L. Hyde Esq.
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Fax No.: (619) 297-1022

    CLASS COUNSEL


Tomio B. Narita
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco, CA  94104
Fax No.: (415) 352-2625

    ATTORNEYS FOR DEFENDANTS

Kim Ruckdaschel-Haley
Lindquist & Vennum P. L.L.P.
4200 IDS Center, 80 S. Eighth Street
Minneapolis, MN  55402
Fax No.: (612) 371-3207

    ATTORNEYS FOR DEFENDANT PLAINS COMMERCE BANK

5.8  *Execution in Counterparts.*  This Agreement may be executed in any number of counterparts and each of which when so executed shall be deemed an original and all of which taken together shall constitute one and the same Agreement.

5.9  *Applicable Law.*  This Agreement shall be governed by and shall be construed and enforced in accordance with the laws of the United States and the State of California without regard to any conflict of law provision in said laws of the State of California that might otherwise require the application of the laws of a

jurisdiction other than that of the State of California to the performance, validity, construction, or enforcement of this Agreement.

5.10   *Headings*.   Article and Section headings in this Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Agreement, nor to control or affect meanings, constructions or the effect of the same.

5.11   *Benefit of Agreement*.   The Agreement shall be binding upon and inure to the benefit of the Parties hereto, the Class Members, and their respective successors, heirs, and assigns.   Nothing in this Agreement is intended or shall be construed to give any other person or entity any legal or equitable right, remedy or claim under or in respect to this Agreement or any provision herein entered.

5.12   *Place of Performance*.   This Agreement shall be performed in the Southern District of California.

5.13   *Best Efforts*.   All signatories to this Agreement and their counsel shall exercise their best efforts to take all steps and expend all efforts that may become necessary to effectuate this Agreement.

5.14   *Parties Are Equal Drafters*.   The parties shall be deemed to have drafted this Agreement equally, and the settlement documents shall not be construed strictly against Plaintiff or Defendants.

1  Dated: _____, 2009.

2

3

4  _____

5  Victor Catala,

6  individually and on behalf

7  of all others similarly situated

8

9

10  Resurgent Capital Services, L.P.

11

12  _____

13  By: _____,

14  Authorized Representative

15

16  Plains Commerce Bank

17

18  _____

19  By: _____,

20  Authorized Representative

21

22

23

24

25

26

27

28

APPROVED AS TO FORM AND CONTENT:


Attorneys for Plaintiff:


_____

Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551



Attorneys for Defendant Resurgent Capital Services, L.P.

and Defendant Plains Commerce Bank:


_____

Tomio B. Narita, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco CA 94104



Attorneys for Defendant Plains Commerce Bank:


_____

Kim Ruckdaschel-Haley, Esq.
Lindquist & Vennum P. L.L.P.
4200 IDS Center, 80 S. Eighth Street
Minneapolis, MN  55402

Dated: _10-19_, 2009.

___Victor G. Catala___

Victor Catala,

individually and on behalf

of all others similarly situated

Resurgent Capital Services, L.P.

___[signature]___

By: ___John Shishido___,

Authorized Representative

Plains Commerce Bank

_____

By: _____

Authorized Representative

Dated: _____, 2009.


_____

Victor Catala,

individually and on behalf

of all others similarly situated



Resurgent Capital Services, L.P.


_____

By: _____,

Authorized Representative


Plains Commerce Bank


By:

Authorized Representative

APPROVED AS TO FORM AND CONTENT:


Attorneys for Plaintiff:

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551



Attorneys for Defendant Resurgent Capital Services, L.P.

and Defendant Plains Commerce Bank:

_____
Tomio B. Narita, Esq.
Simmonds & Narita LLP
44 Montgomery Street, Suite 3010
San Francisco CA 94104



Attorneys for Defendant Plains Commerce Bank:

_____
Kim Ruckdaschel-Haley, Esq.
Lindquist & Vennum P. L.L.P.
4200 IDS Center, 80 S. Eighth Street
Minneapolis, MN 55402