# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CATALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br>          PLAINTIFF, <br><br> V. <br><br> RESURGENT CAPITAL SERVICES, L.P., AND PLAINS COMMERCE BANK, <br><br>          DEFENDANTS. | CASE NO.: 08-CV-2401 DMS(NLS) <br><br> PRELIMINARY APPROVAL ORDER APPROVING CONDITIONAL CLASS CERTIFICATION, GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, APPROVING CLASS NOTICE AND SETTING FINAL APPROVAL HEARING <br><br> Hearing Date:    November 16, 2009 <br> Time:            3:30 p.m. <br> Judge:          Hon. Nita L. Stormes <br> Courtroom:     G |

## **PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the Parties' joint request for preliminary approval of a Class Settlement Agreement ("Agreement"), between Plaintiff and Defendants Resurgent Capital Services, LP ("Resurgent") and Plains Commerce Bank ("Plains"), collectively "Defendants," and the Court being advised of the following premises of the proposed Class Settlement:

A.   Plaintiff and Defendants have entered into a Class Action Settlement Agreement ("Settlement Agreement"), attached to the Joint Motion as Exhibit A.

B.   The Settlement Agreement is submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C.   The definitions and terms set forth in the Settlement Agreement filed with the Court in support of this motion ("Settlement Agreement") are hereby incorporated in this Preliminary Approval Order.

D.   Pursuant to the Settlement Agreement, Defendants agree to certification of a class action as a Rule 23(b)(3) class with class notice by publication to the Class Members as described in the Settlement Agreement.

E.   Pursuant to the Settlement Agreement, Defendants shall provide the following relief to Plaintiff and the Class:

1.   Defendants shall pay to the San Diego County Legal Aid Society, through Class Counsel, as a *cy pres* distribution on behalf of the Class the total sum of $35,000.00,

2.   Defendants shall pay Plaintiff, through Class Counsel as an incentive payment, the amount of $2,500 for his efforts in

litigating this action. Defendants shall make this payment in the time period as set forth within the Settlement Agreement.

3.  Defendants shall be responsible for, and shall bear the costs of, Class Notice.  Defendants shall also pay up to $5,000 to Gilardi & Company LLC prior to publication of the Class Notice for administration of the settlement in accordance with an agreement for same entered into between Class Counsel and Gilardi & Company LLC.   Gilardi & Company LLC is approved as the settlement administrator to provide a mechanism for responding to inquiries about the settlement as described in the published Class Notice.

4.  Pursuant to the Settlement Agreement, and subject to Court approval, Defendants agree to pay up to $35,000.00 for attorney's fees and costs to class counsel.

F.      Pursuant to the Settlement Agreement, Plaintiff will dismiss all claims against the Defendants upon the Court's entry of an Order of Final Approval of this settlement and the dismissal of this action.

G.      Pursuant to the Settlement Agreement, Plaintiff and each Class Member shall, as of the Effective Date, be deemed to release and discharge forever Defendants (as defined in the Settlement Agreement) from all Released Claims.   "Released Claims" means:

For Plaintiff, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation that he or his heirs,

1  executors, administrators, successors, assigns, and attorneys
2  may have against Defendants for violation of the Fair Debt
3  Collection Practices Act, 15 U.S.C. § 1692 et seq., or the
4  Rosenthal Fair Debt Collection Practices Act, California Civil
5  Code §§ 1788-1788.32, as of the date of the Settlement
6  Agreement, it being the intent of Plaintiff to release all claims
7  against Defendants under those Acts that were alleged, or could
8  have been alleged, in the Litigation.

9  For the Class, any and all claims, actions, causes of
10 action, demands, rights, damages, costs, attorney's fees,
11 expenses, and compensation whatsoever arising from the
12 envelopes, mailers and other facts alleged in the Litigation that
13 the Class Members or the Class Members' respective heirs,
14 executors, administrators, successors, assigns, and attorneys
15 have and/or could assert against Defendants for violation of the
16 Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. or
17 the Rosenthal Fair Debt Collection Practices Act, California
18 Civil Code §§ 1788-1788.32.

19 This Agreement and the settlement embodied herein shall
20 not release any debts owed by Plaintiff or the Class, nor shall
21 this settlement operate as an accord and satisfaction of such
22 debts.

23 For good cause shown, **IT IS HEREBY ORDERED:**

24 1.  Solely for the purposes of this settlement, and pursuant to Rule 23, this case
25     is certified under Fed. R. Civ. P.  23(a) and (b)(3) as a class action against
26     Defendants by the following, hereinafter referred to as the "Class":

27

28

All individuals in the State of California, during the
Class Period, who were sent an envelope by Resurgent
Capital Services, L.P. that was light blue in color, bearing
white clouds as a design, a stamp that indicated it was
"PRESORTED FIRST CLASS MAIL," and/or the words
"IMMEDIATE REPLY REQUESTED," and/or were
sent a collection letter from Resurgent Capital Services,
L.P. bearing the representations "YOU ARE PRE-
APPROVED* FOR A NEW VISA® CREDIT CARD"
and "Arrangements have been made for you to obtain a
Pre-Approved* Visa credit card issued through Plains
Commerce Bank."  The Class Period is the period from
December 24, 2007, to December 24, 2008.

If for any reason the settlement is terminated or is not finally

approved, then (a) this preliminary approval of the Class shall be null

and void, and shall not be used or referred to for any purpose in this

Litigation or any other action or proceedings, and (b) all *status quo*

*ante* rights of the parties, including (i) Plaintiff's right to seek

certification of this action as a class action and Defendants' right to

oppose certification, and (ii) the parties' rights to assert all other

1   defenses, rights, and positions, shall in all respects be unaffected and

2   preserved.

3

4   2.      The Court finds that the proposed settlement is within the range of fairness

5           and reasonableness and grants preliminary approval of it.  The Settlement

6           Agreement (Exhibit 1 to the Joint Application for Preliminary Approval) is

7           preliminarily approved.

8   3.      For settlement purposes only, after considering the relevant factors in Fed.

9           R. Civ. P. 23, the Plaintiff is conditionally designated as representative of

10          the Class and Robert Hyde and Joshua Swigart of the law firm of Hyde &

11          Swigart are conditionally appointed as Class Counsel for the Class.

12  4.      A hearing ("Final Approval Hearing") on the settlement and the requests for

13          fees and expenses by Class Counsel will be held before this Court on

14          _____, 2010, at _____ a.m./p.m. to determine, among other

15          things: (a) whether the proposed settlement should be approved as fair,

16          reasonable and adequate; (b) whether the Litigation should be dismissed

17          with prejudice pursuant to the terms of the Settlement Agreement; (c)

18          whether Class Members should be bound by the release set forth in the

19          Settlement Agreement; (d) whether Class Members should be subject to a

20          permanent injunction barring them from filing, commencing, prosecuting,

21          intervening in or participating in (as Class Members or otherwise) any

22          lawsuit, claim, demand or proceeding in any jurisdiction that is based on or

23          related to, directly or indirectly, matters within the scope of the Released

24          Claims; (e) whether the Class should be finally certified; (f) the amount of

25          attorney's fees and costs to be awarded to Class Counsel; and (g) the amount

26          to be awarded to Plaintiff for his services as class representative.   This

27

28

1   hearing may be postponed, adjourned or continued by order of the Court
2   without further notice to the Class.

3   5.   Any papers to be filed by Class Counsel in support of their request for
4        attorneys' fees and expenses shall be filed with the Court no later than
5        _____, 2010 [28 days before hearing date per local rule] .

6   6.   The Court approves the proposed form of Class Notice, to be published once
7        in USA Today with a distribution throughout California, within sixty (60)
8        days from the entry of this Order.  A declaration shall be filed with the Court
9        by a representative of Defendants attesting to the facts in support of such
10       publication in compliance with this Order.

11  7.   The Court finds publication of the Class Notice and the other measures
12       specified above is the only notice required and that such notice satisfies the
13       requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

14  8.   Class Members shall have until _____, 2010, which is at least thirty-
15       five (35) days from the date of the last date of publication of the Class
16       Notice, to opt out or object to the proposed settlement.  Any Class Member
17       who desires to exclude himself or herself from the action must mail a request
18       for exclusion to Class Counsel postmarked by that date, stating the Class
19       Member's full name, address and telephone number; containing the Class
20       Member's original signature; and unequivocally stating the Class Member's
21       intent to be excluded from the Class and the settlement.  Any Class Member
22       who properly requests exclusion will have no standing to object to the
23       settlement or to seek to intervene in the Litigation.  On or before the Final
24       Approval Hearing, Class Counsel shall create and file with the Court a
25       comprehensive list of Class Members who have successfully requested
26       exclusion from the Class.

27
28

9.    Any Class Member who wishes to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Southern District of California, and serve copies of the objection on counsel for Plaintiff postmarked by _____, 2010, a date which is at least thirty-five (35) days from the date of the last date of publication of the Class Notice.  To be valid, the objection must (a) set forth the objector's full name, current address, and telephone number; (b) contain the objector's original signature; (c) state that the objector objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and factual basis for the objection; and (e) provide copies of any documents that the objector wishes to submit in support of their position.  Objections that are not timely filed with the Court and sent to Class Counsel, and/or are otherwise invalid, will not be considered by the Court.

10.   Any Class Member who wishes to intervene in the Litigation or seek other relief from the Court must file with the Court, and contemporaneously serve on Class Counsel, an appropriate motion or application, together with all supporting pleadings or documentation, on or before _____, 2010,  a date which is at least thirty-five (35) days from the date of the last date of publication of the Class Notice.

11.   In the event that (i) the Settlement Agreement is terminated pursuant to its terms, or (ii) the Settlement Agreement is not approved at the Final Approval Hearing, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the Litigation shall proceed as though a Settlement Agreement had never been reached; (c) no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; (d) nothing in this Order shall be construed or used as an admission, concession or declaration by or against

Defendants, of any fault, wrongdoing, breach or liability; (e) this Order shall not be construed by or against the Plaintiff or Class Members that their claims lack merit or that the relief requested in this Litigation is inappropriate, improper or unavailable, or as a waiver by any party of any defenses it may have; (f) this Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if this Litigation was to be litigated rather than settled.  In the event of (i) or (ii) in this paragraph, all parties reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

12.   Neither the Settlement Agreement, this Preliminary Approval Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind or any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

DATE: _____       By: _____
                                  Hon. Nita L. Stormes
                                  Magistrate Judge of the
                                  U.S. District Court