# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR CATALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>PLAINTIFF,<br>V.<br><br>**RESURGENT CAPITAL SERVICES, L.P., AND PLAINS COMMERCE BANK,**<br><br>DEFENDANTS. | **CASE NO.: 08-CV-2401 DMS(NLS)**<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Hearing Date:<br>Time:<br>Judge:      Hon. Nita L. Stormes<br>Courtroom:   G |

# **FINAL ORDER AND JUDGMENT**

1. On _____, 2009, this Court preliminarily approved the Class Action Settlement Agreement ("Settlement Agreement") reached between Plaintiff Victor Catala and Defendants Resurgent Capital Services, LP ("Resurgent") and Plains Commerce Bank ("Plains"), collectively "Defendants."  The Settlement Agreement was submitted to the Court as an exhibit to the Joint Motion for Preliminary Approval.  The definitions and terms set forth in the Settlement Agreement are hereby incorporated in this Final Order and Judgment.  At the Preliminary Approval hearing, the Court approved a form of notice for publishing to the Class.  Defendants have filed a declaration with the Court stating the Notice of Class Action Settlement (the "Class Notice") was published as ordered by the Court in the Preliminary Approval Order.  The Court is informed through that declaration that published notice occurred as follows:

_____ .

2. As set forth in the declaration of Class Counsel, _____Class Members requested exclusion and _____ objections were filed or received.

3. Pursuant to the Notice of Filing of Notice of Class Settlement by Defendant Resurgent Capital Services, L.P. and Defendant Plains Commerce Bank, pursuant to 28 U.S.C. §1715, filed by Defendants in this matter, notice of

the class settlement was sent with accompanying exhibits on _____, 2009, to the appropriate persons required by section 1715.

    4.  Solely for the purpose of settlement and pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this court certifies the Class that it approved in the Preliminary Approval Order, as follows:

> All individuals in the State of California, during the Class Period, who were sent an envelope by Resurgent Capital Services, L.P. that was light blue in color, bearing white clouds as a design, a stamp that indicated it was "PRESORTED FIRST CLASS MAIL," and/or the words "IMMEDIATE REPLY REQUESTED," and/or were sent a collection letter from Resurgent Capital Services, L.P. bearing the representations "YOU ARE PRE-APPROVED* FOR A NEW VISA® CREDIT CARD" and "Arrangements have been made for you to obtain a Pre-Approved* Visa credit card issued through Plains Commerce Bank"

If for any reason the events in paragraph 16 of this Order occur, then (a) this final approval of the Class shall be null and void, and shall not be used or referred to for any purpose in this Litigation or any other action or proceedings, and (b) all *status quo ante* rights of the parties,

including (i) Plaintiff's right to seek certification of this action as a class action and Defendants' right to oppose certification, and (ii) the parties' rights to assert all other defenses, rights, and positions, shall in all respects be unaffected and preserved.

5. On _____, 2010, the Court held a Final Approval Hearing to which Class Members, including any with objections, were invited. No Class Members, or their counsel, appeared in person at the Final Approval Hearing to offer argument about the settlement. No appropriate state or federal officials, as those terms are defined in 28 U.S.C. §1715, or _____, appeared at the Final Approval Hearing.

6. The Court finds that the provisions for notice to the Class satisfy the requirements of Fed. R. Civ. P. 23 and due process. The Court has determined that, as to the Class, the Litigation meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure, and that Plaintiff and Class Counsel are adequate representatives of the Class.

7. Any objections to the settlement that were filed, timely or otherwise, have been considered and are overruled. The Class Members who have filed requests for exclusion are not bound by this Final Order and Judgment. They are listed in Exhibit A attached hereto. Class Members who have duly and timely requested such exclusion may only pursue their own individual remedies, if any, as allowed by law. The Class Members who did not timely request exclusion are

bound by this Final Order and Judgment and by the Settlement Agreement, including the releases provided for in this Final Order and Judgment and pursuant to the Settlement Agreement.  The Court grants the parties' joint request for final approval of the Settlement Agreement.  The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiff and all Class Members.  In addition to the other factors stated herein, the Court finds the Settlement Agreement to be fair, adequate and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

        8.   In certifying this action as a class action for purposes of this settlement, the Court found and finds that:  (1) the members of the Class are so numerous that joinder of all Class Members in this action is impracticable; (2) there are questions of law and fact common to the members of the Class; (3) the claims of the representative plaintiff are typical of the claims or defenses of the Class; (4) the representative plaintiff and his counsel have fairly and adequately protected the interests of the Class; (5) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; (6) a class action was and is superior to other available methods for the fair and efficient adjudication of the controversy, considering, *inter alia*, (a) the interest of members of the Class in individually controlling the prosecution of separate actions, (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (c) the

desirability or undesirability of prosecuting the litigation of these claims in this particular forum, and (d) the difficulties likely to be encountered in the management of the class action.

  9. The Court finds that the settlement is fair and reasonable, and hereby approves the Settlement Agreement submitted by the parties, including the release, and orders:

  A. Defendants shall pay to the San Diego County Legal Aid Society, through Plaintiff's counsel, as a *cy pres* distribution on behalf of the Class, the total sum of $35,000.00.

  B. Defendants shall pay Plaintiff, through Plaintiff's counsel, an incentive payment of $2,500 for his effort in litigating this action.

  C. The Court hereby approves an award of $35,000.00 to Plaintiff's counsel as attorneys' fees and costs for their efforts in litigating this case. Defendants shall pay those attorney's fees and costs in the time period as set forth within the Settlement Agreement.

  12 Plaintiff and the members of the Class grant Defendants (as defined in the Settlement Agreement) the following release, which is also set forth in the Settlement Agreement:

  A. Each Class Member, including Plaintiff, on behalf of such Class Member and of any person claiming by or through such Class Member as heir, administrator, devisee, predecessor, successor,

representative of any kind, or assignee, shall be deemed to release and forever discharge Defendants (as that term is defined in the Settlement Agreement) from any and all of the Released Claims.

B. "Released Claims" means:

For Plaintiff, all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation, that he or his heirs, executors, administrators, successors, assigns, and attorneys may have against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, or the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*, as of the date of the Settlement Agreement, it being the intent of Plaintiff to release all claims against Defendants under those Acts that were alleged, or could have been alleged, in the Litigation.

For the Class Members other than Plaintiff, any and all claims, actions, causes of action, demands, rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever arising from the envelopes, mailers and other facts alleged in the Litigation that the Class Members or the Class Members' respective heirs, executors, administrators, successors, assigns, and attorneys have and/or could

assert against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. or the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*.

The Settlement Agreement and the settlement embodied therein shall not release any debts owed by Plaintiff or the Class, nor shall the settlement operate as an accord and satisfaction of such debts.

Each Class Member is permanently enjoined and barred from instituting or maintaining any action for the Released Claims against Defendants, whether by complaint, counterclaim, defense or otherwise, in any state or federal court, or in any agency or other authority or forum wherever located.

13. The Court finds the Settlement Agreement is fair and made in good faith.

14. The Court dismisses the claims of Plaintiff and the Class Members against Defendants with prejudice and without costs (other than what has been provided for in the Settlement Agreement and in this Final Order and Judgment) and this dismissal shall, to the maximum extent permitted by law, operate as *res judicata* and collateral estoppel so as to bar any future suits under those provisions so long as they arise from or are related to the subject matter of this lawsuit during the Class Period.

15. The parties sent notice required by 28 U.S.C. §1715 to the appropriate state and federal officials, as defined by 28 U.S.C. §1715(a) and _____.

This Final Judgment is entered more than ninety days after such officials were served, as is required by 28 U.S.C. §1715(d).

16.     In the event that (i) the Settlement Agreement is terminated pursuant to its terms, or (ii) the Settlement Agreement, Preliminary Approval Order and Final Order and Judgment are reversed, vacated or modified in any material respect by this or any other court, then (a) all orders entered pursuant to the Settlement Agreement shall be vacated, including this Order; (b) the Litigation shall proceed as though a Settlement Agreement had never been reached; (c) no reference to the Settlement Agreement, or any documents related thereto, shall be made for any purpose; (d) nothing in this Order shall be construed or used as an admission, concession or declaration by or against Defendants, of any fault, wrongdoing, breach or liability; (e) this Order shall not be construed by or against the Plaintiff or Class Members that their claims lack merit or that the relief requested in this Litigation is inappropriate, improper or unavailable, or as a waiver by any party of any defenses it may have; (f) this Order shall not be construed or used to show that certification of any class would or would not be appropriate if this Litigation was to be litigated rather than settled; provided, however, that if the parties to the Settlement Agreement agree to appeal jointly an adverse ruling and the Settlement Agreement and Final Order and Judgment are upheld on appeal in all material respects, then the Settlement Agreement and Final Order and Judgment shall be given full force and effect.  In the event of (i) or (ii) in this paragraph, all parties

reserve all of their rights existing prior to the execution of the Settlement Agreement, and the doctrines of res judicata and collateral estoppel shall not be applied.

17. Neither the Settlement Agreement, this Final Order and Judgment, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind or any person, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

18. The Court retains jurisdiction over all parties to this action for purposes of the interpretation, enforcement and implementation of the Settlement Agreement and this Final Order and Judgment.

DATE: _____   By: _____
                                                   Hon. Nita L. Stormes
                                                   Magistrate Judge of the
                                                   United States District Court