UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CATALA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> RESURGENT CAPITAL SERVICES L.P. and PLAINS COMMERCE BANK, <br><br> Defendants. | Civil No.08cv2401 NLS <br><br> **ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND FOR CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES ONLY** <br><br> [Doc. No. 25] |

Lead plaintiff Victor Catala, individually and on behalf of all others similarly situated (Catala or Plaintiff) and defendant Resurgent Capital Services L.P. (Resurgent or Defendant) filed a joint motion requesting (1) preliminary approval of the proposed settlement, (2) certification of the Settlement Class for settlement purposes only; (3) approval of the form and manner of giving notice of the proposed settlement to the Settlement Class; and (4) a date for the final fairness approval hearing (Joint Motion). This court has reviewed all papers filed in support of the Joint Motion and for the reasons set forth below, **DENIES without prejudice** the Joint Motion for preliminary approval.

### BACKGROUND[1]

Catala is a consumer allegedly delinquent and owing consumer debts. Resurgent is a limited partnership that attempted to collect debts from Catala. Catala alleges that in attempting to collect debts from him, Resurgent sent an envelope and/or collection letter that said "you are pre-approved for a new

---

[1] These facts are taken from the facts stated in the Joint Motion and from the docket sheet.

visa credit card" and that "arrangements have been made for you to obtain a pre-approved visa credit card issued through Plains Commerce Bank." Catala filed a complaint against Resurgent and Plains Commerce Bank (Plains) on December 24, 2008, alleging that this mailing violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) and the California Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (Rosenthal Act). Resurgent and Plains deny the allegations and argue that if any violation occurred, it resulted from an unintentional and bona fide error. Plains also argues that it is not a debt collector under the FDCPA or Rosenthal Act.

The court held a telephonic conference and then issued the Scheduling Order in this matter on May 18, 2009. As of July 22, 2009, the parties were engaged in settlement negotiations and requested to continue the class certification motion and expert designation deadlines. The parties determined that as of May 31, 2009, Resurgent had a net worth of $2,585,000 and that there were 195,561 potential Class Members. On September 21, 2009, the parties notified the court that they had agreed to settle the case.

## DISCUSSION

**Rule 23 and Class Action Settlement.**

Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes. *See, e.g., Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003). A conditionally-certified class must still satisfy Rule 23(a) and (b) requirements. *See id.*

Deciding whether to approve a proposed class action settlement is generally a two-step process. At the preliminary approval stage, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed. 2004). The court then approves the form and manner of notice and sets a final fairness hearing, where it will make a final determination on the fairness of the class settlement. *See id.*

A court may approve a settlement that would bind class members only after a final fairness hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. Proc. 23(e)(2); *see Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). When approving a settlement, a court must ensure that notice is made in a "reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1).

1  To make the ultimate determination of whether a settlement is fair, reasonable and adequate
2  requires evaluating several factors, including:

3  > strength of plaintiff's case; the risk, expense[,] complexity, and likely
   > duration of further litigation; the risk of maintaining class action status
4  > throughout the trial; the amount offered in settlement; the extent of
   > discovery completed, and the stage of the proceedings; the experience and
5  > views of counsel; the presence of a governmental participant; and the
   > reaction of the class members to the proposed settlement.
6

7  *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993).  Settlements that follow sufficient
8  discovery and genuine arms-length negotiations are presumed fair.  *Nat'l Rural Telcoms. Coop. v.*
9  *Directv, Inc.*, 2003 U.S. Dist. LEXIS 25375, *13 (C.D. Cal. 2004).

10 **Settlement Class Certification.**

11  A court must look at these factors when considering class certification and preliminary approval:

12  > (1) the class is so numerous that joinder of all members is impracticable;
    > (2) there are questions of law or fact common to the class;
13  > (3) the claims or defenses of the representative parties are typical of the
    > claims or defenses of the class; and
14  > (4) the representative parties will fairly and adequately protect the
    > interests of the class.
15

16 Fed. R. Civ. Proc. 23(a).

17  In addition, the plaintiffs must establish one of the following: (1) there is a risk of inconsistent or
18 unfair adjudication if parties proceed with separate actions; (2) the defendant acted or refused to act on
19 grounds generally applicable to the class, making injunctive or declaratory relief appropriate to the class
20 as a whole; or (3) common questions of law or fact predominate and class resolution is superior to other
21 available methods for fair and efficient adjudication of the controversy.  Fed. R. Civ. Proc. 23(b).

22  For the purpose of conditionally certifying the class for settlement purposes, the court evaluates
23 the relevant factors under Rule 23.

24  **1.  Numerosity.**

25  The parties define the Settlement Class as follows:

26 ///
27 ///
28 ///

> All individuals in the State of California, during the Class Period, who were sent an envelope by Resurgent Capital Services, L.P. that was light blue in color, bearing white clouds as a design, a stamp that indicated it was "PRESORTED FIRST CLASS MAIL," and/or the words "IMMEDIATE REPLY REQUESTED," and/or were sent a collection letter from Resurgent Capital Services, L.P. bearing the representations "YOU ARE PRE-APPROVED* FOR A NEW VISA® CREDIT CARD" and "Arrangements have been made for you to obtain a Pre-Approved* Visa credit card issued through Plains Commerce Bank."

Settlement Agreement ¶ 1.3. The Class Period is defined as December 24, 2007 to December 24, 2008. Settlement Agreement ¶ 1.7.

Here, the parties assert there are 195,561 potential Class Members. While this number of settlement Class Members could satisfy the numerosity requirement, because the court is requiring further information on the proposed Class (see subsection 3 below), the court refrains from ruling on the numerosity requirement at this time.

**2. Commonality.**

A common nucleus of operative facts can satisfy the commonality requirement of Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The predominant questions here concern:

> (1) whether Defendants violated the FDCPA and the Rosenthal Act;
> (2) whether Plaintiff and the other Class Members are entitled to recover statutory damages and, if so, in what amount; and
> (3) whether Plaintiff and the other Class Members are entitled to recover attorney's fees and, if so, in what amount.

Joint Motion, p.5.

The core issue here regards Defendants' mass mailing of the envelope and/or collection letter to individuals in California in an alleged attempt to collect a debt. Because the court is allowing the parties an opportunity to submit further information, other common questions regarding the Class may arise. Therefore, the court refrains from ruling on the commonality requirement at this time.

**3. Typicality.**

A class representative's claims are typical of those of the proposed class members "if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical." *Id.* at 1020. Where there is no clearly defined class, the typicality requirement cannot be met. *In re Paxil Litig.*, 212 F.R.D. 539, 549 (C.D. Cal. 2003).

Here, Plaintiff's claims rest on these two alleged facts: (1) he is a consumer allegedly delinquent and owing consumer debts; and (2) he received the envelope and/or collection letter from Resurgent. In the Joint Motion, the only fact the parties assert about the purported class is that the Class Members received the envelope at issue from Resurgent. There are no other assertions about the class, such as whether they were also consumers allegedly delinquent and owing consumer debts, or any other information about the Class.

Without knowing whether the other purported Class Members were also allegedly delinquent in owing consumer debts or any other information, the proof Plaintiff would need to establish his claims would not necessarily also prove the claims of the proposed Class Members. Without knowing whether the other purported Class Members were delinquent in consumer debts or any other information, the court cannot determine whether Plaintiff's injury would be common to the injury suffered by the class. For this reason, the court denies the joint motion for failure to meet the typicality requirement. In a renewed joint motion, the parties must further define the class by explaining, for example, that the 195,561 potential Class Members were also delinquent in consumer debts, or any other information about the Class. They must explain why the class would be certifiable. If the parties cannot explain why the 195,561 potential Class Members would comprise a certifiable class, they must narrow scope of the class to include only those Members who could comprise a certifiable class.

**4.     Adequacy of Representation.**

To determine whether Lead Plaintiff will fairly and adequately protect the interests of the proposed class, courts must consider: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003). Determining adequacy "depends on the qualifications of counsel for the representative, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive." *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citations omitted).

Here, resolving the typicality question will also resolve the adequacy issue. Without knowing whether the proposed Class Members were also delinquent in their consumer debts, or any other

information about the Class, the court cannot determine that they are entitled to recovery under the same theory of liability as Plaintiff. Once the court can determine that the claims of Plaintiff are typical of the Class Members, it can determine whether Plaintiff can adequately and fairly represent the interests of the proposed class and will vigorously prosecute the action on their behalf. The court, therefore, declines to rule on the typicality requirement at this time.

      **5.**      **Rule 23(b).**

Under the Settlement Agreement, the parties assert that under Rule 23(b)(3), common questions of law or fact predominate in this action and that a class action is superior to individual actions because class resolution outweighs the difficulties in managing the large class as separate claimants. Because the court is allowing the parties an opportunity to submit further information, other common questions of law or fact regarding this action may arise. Therefore, the court refrains from ruling on the Rule 23(b) requirement at this time.

**Preliminary Approval of Settlement.**

At the preliminary approval stage, the core issue is whether the settlement falls within the range of possible approval:

> In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice. Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.

*In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing Manual for Complex Litigation, 3d, § 30.41).

Here, the parties have not yet shown that the proposed class conditionally satisfies the criteria of Rule 23(a). Further, they have failed to specify the discovery efforts they undertook and what they learned through discovery. They have not explained the respective strengths and weaknesses of each side in this case, why Plaintiffs may have a viable claim regarding purported violations of the FDCPA and why Defendants may have a viable defense against such claims. They do not discuss the risks of continued litigation (e.g. the risk of maintaining class action status through trial) and the likely duration of further litigation. Because the court lacks this information, it cannot evaluate whether the agreed-to

1  settlement amount of $35,000 is fair and reasonable in light of the case's complexities, the state of the
2  law, uncertainties inherent in litigation and the positive result for the potential class members.  Further,
3  without this information the court cannot determine whether the proposed settlement appears to be the
4  product of serious, informed, non-collusive negotiations.

5  Given these inadequacies, the court must deny the joint motion for preliminary approval of
6  settlement because the parties have not shown that the settlement could fall within the range of possible
7  approval.

**Order.**

9  The court **DENIES without prejudice** the joint motion for class certification and motion for
10  preliminary approval of settlement based on lack of sufficient information.  The parties may re-file their
11  joint motion by **January 15, 2010** to cure the stated deficiencies in this Order.  The court will take the
12  matter under submission on that date.  Any renewed joint motion must include at least the following
13  information:

14  1.  Why the class would be certifiable, as explained in subsection 3; and
15  2.  Why the settlement is fair and the product of serious, informed, non-collusive
16  negotiations, as explained in the section on preliminary approval.

17  The court will address the form and manner of the notice of the proposed settlement and the date
18  for the final fairness approval hearing in the renewed Joint Motion.

**IT IS SO ORDERED.**

DATED: December 8, 2009

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court