Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victor Catala individually and on behalf of others similarly situated<br><br>                          Plaintiffs,<br><br>v.<br><br>Resurgent Capital Services L.P. and Plains Commerce Bank<br><br>                          Defendant. | **Case Number: 08 CV 2401 DMS (NLS)**<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of Final Approval of Settlement and For Approval of Incentive Payments**<br><br>**Date:** June 22, 2010<br>**Time:** 2:30 p.m.<br>**Courtroom:** G<br><br>**Judge:** Nita L. Stormes |

TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY ................................................................1

II.  ARGUMENT ................................................................................................3

     A.   THE STANDARDS FOR JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS .......3

     B.   THE SETTLEMENT MEETS THE NINTH CIRCUIT STANDARD FOR APPROVAL ...........5

          1.   THE PARTIES COULD IDENTIFY THE STRENGTHS AND WEAKNESSES OF THEIR
               CASE ...............................................................................................5

          2.   THE SETTLEMENT APPROPRIATELY BALANCES THE RISKS OF LITIGATION AND
               THE BENEFIT OF A CERTAIN RECOVERY.................................................6

               i.    CONTINUED LITIGATION ONLY WOULD ENSURE ADDITIONAL ATTORNEYS'
                     FEES, COSTS AND COURT TIME ......................................................6

               ii.   BALANCING THE CERTAINTY OF AN IMMEDIATE RECOVERY AGAINST THE
                     EXPENSE AND LIKELY DURATION OF TRIAL FAVORS SETTLEMENT ...........7

               iii.  THE RECOMMENDATIONS OF EXPERIENCED COUNSEL HEAVILY FAVOR
                     APPROVAL OF THE SETTLEMENT ....................................................8

          3.   REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT ..............9

     C.   INCENTIVE PAYMENTS ARE ROUTINELY AWARDED TO CLASS REPRESENTATIVES
          FOR THEIR EFFORTS IN BRINGING THE ACTION AND OBTAINING A BENEFIT FOR
          THE CLASS ...............................................................................................10

III. CONCLUSION ..............................................................................................12

TABLE OF AUTHORITIES
CASES

*Accord Torrisi v. Tucson Elec. Power Co.,*
    8 F.3d 1370 (9th Cir. 1993).................................................................4, 11

*Berkey Photo, Inc. v. Eastman Kodak Co.,*
    603 F.2d 263 (2d Cir. 1979)...................................................................7

*Boyd v. Bechtel Corp.,* 485 F. Supp
    610 (N.D. Cal. 1979)...........................................................................5 -7

*Bullock v. Administrator of Estate of Kircher,*
    84 F.R.D. 1  (D.N.J. 1979) ...................................................................7

*Church v. Consolidated Freightways, Inc.,*
    (1993 Transfer Binder) Fed. Sec. L. Rep (CCH) 97  (N.D. Cal. 1993)............4

*Class Plaintiffs v. Seattle,*
    955 F.2d 1268 (9th Cir. 1992). .............................................................4

*Cook v. Niedert,*
    142 F. 3d 1004 (7th Cir. 1998)..............................................................11

*Detroit v. Grinnell Corp.,*
    495 F.2d 448  (2d Cir. 1974).................................................................9

*Ellis v. Naval Air Rework Facility,*
    87 F.R.D. 15 (N.D. Cal. 1980), aff'd, 661 F.2d 939 (9th Cir. 1981) ...........4- 6, 8

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,*
    137 F.R.D. 240  (S.D.Ohio 1991)...........................................................10

*Fears v. Wilhelmina Model Agency, Inc.,*
    2005 U.S. Dist. LEXIS 7961 9 (S.D.N.Y. 2005). .....................................11

*Fisher Bros. v. Cambridge-Lee Industries, Inc.,*
    630 F. Supp. 482 (E.D. Pa. 1985)..........................................................8

*Fitzgerald v. City of Los Angeles,*
    2003 WL 25471424 (C.D.Cal. 2003). .....................................................10

HYDE & SWIGART
San Diego, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Girsh v. Jepson*,
  521 F.2d 153  (3d Cir. 1975) ...................................................................5-7

*In re Cendant Corp.*,
  232 F. Supp.2d 327 (D.N.J. 2002) ..............................................11

*In re Heritage Bond Litigation*,
  2005 WL 1594403 (C.D. Cal., 2005). ..........................................11

*In re PaineWebber Ltd. Litig.*,
  171 F.R.D. 104 (S.D.N.Y.), *aff'd*, 117 F.3d 721 (2d Cir. 1997).........................................9

*In re United Energy Corp. Solar Power Modules Tax Shelter Invest. Sec. Litig.*,
  (1989 Transfer Binder) Fed. Sec. L. Rep. (CCH) 94,376 (C.D. Cal. 1989) ......4

*In re Warner Communications Sec. Litig.*,
  618 F. Supp. 735, 741 (S.D.N.Y. 1985) (citation omitted), aff'd, 798 F.2d35
  (2dCir. 1986)..................................................................................5-9

*In re Washington Public Power Supply System Sec. Litig.*,
  720 F. Supp. 1379 (D. Ariz. 1989)................................................4

*M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*,
  671 F. Supp. 819, 822 (D. Mass. 1987) .........................................4

*Milstein v. Huck*,
  600 F. Supp. at 254 (E.D. NY 1984). ..........................................7, 9

*Officers for Justice v. Civil Service Com.*,
  688 F.2d 615 (9th Cir. 1982)...............................................3, 4, 7, 8

*Trans World Airlines, Inc. v. Hughes*,
  312 F. Supp. 478 (S.D.N.Y. 1970), modified, 449 F.2d 51 (2d Cir. 1971),
  *rev'd*, 409 u.s. 363 (1973)...........................................................7

*Utility Reform Project v. Bonneville Power Admin.*
  869 F.2d 437  (9th Cir. 1989) ......................................................3

*Van Bronkhorst v. Safeco Corp.*,
  529 F.2d 943 (9th Cir. 1976).........................................................3

*Van Vranken v. Atlantic Richfield Co.*,
  901 F.Supp. 294 (N.D.Cal.,1995)...............................................10

*Weinberger v. Kendrick,*
    698 F.2d at 61, 74 (2nd Cir. 1983). ........................................................................5, 8

*West Virginia v. Chas. Pfizer & Co.,*
    314 F. Supp. 710 (S.D.N.Y. 1970)........................................................................6

*Young v. Katz,*
    447 F.2d 431 (5th Cir. 1971)...............................................................................7

**HYDE & SWIGART**
San Diego, California

## FEDERAL STATUES

15 U.S.C. § 1692K(A)(2)(B)..................................................................................2

15 U.S.C. § 1692 et seq. ("FDCPA")...............................................................passim

28 U.S.C. Section 1715...........................................................................................9

### STATUTES

Cal.Civ. Code §1788 et seq..................................................................................1

### OTHER AUTHORITIES

*Manual for Complex Litigation*, Third §30.42 (1995).........................................5

HYDE & SWIGART
San Diego, California

## I.   **INTRODUCTION AND SUMMARY**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, plaintiff Victor Catala ("Plaintiff"), on behalf of himself and the Settlement Class he represent, move for 1) final approval of certification of a settlement class and approval of the settlement agreement as fair, reasonable and adequate, 2) an order implementing the terms of the settlement; 3) finding the notice as given to the class members satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; 4) final approval and award of agreed-upon attorneys' fees and costs in an amount not to exceed $35,000 to Plaintiffs' counsel as class counsel for the Settlement Class, and 5) approval of the agreed-upon $2,500 incentive awards to Plaintiff for his service in litigating this case; and 6) retaining jurisdiction to enforce the provisions of the Agreement.

Notice has been given as ordered by the Court and to date no one has filed any objections nor requested to be excluded from the settlement.  Notice has been given to the attorneys general under the Class Action Fairness Act and no objection has been received from any attorney general.

On January 29, 2010, this Court preliminarily approved the Settlement and Settlement Agreement of this class action, approving class counsel and the class representative, and ordering notice to be mailed to the Class Members. The Court also ordered that a final fairness or final approval hearing be held June 22, 2010.

To summarize the action to date, Plaintiffs is an individual consumer allegedly delinquent and owing on a consumer debt. Resurgent is a limited partnership that attempted to collect such debts from Plaintiff.  Plains Commerce Bank is allegedly the bank that underwrote new extensions for credit for any Resurgent accounts.  Plaintiff contends that in attempting to collect the debt from him and the Class he seeks to represent, Resurgent mailed an envelope and/or a collection letter that violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the California Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("Rosenthal Act"). Defendants deny Plaintiff's allegations and assert, inter alia, that any alleged violation, if it was a violation, was

1   unintentional and resulted from a bona fide error, notwithstanding the maintenance

2   of procedures reasonably formulated to avoid the violation.

3          This case settled after the Parties conducted written discovery and narrowed

4   the issues which would ultimately have to be litigated.

5          Plaintiffs agreed to settle the case on the following terms pursuant to the

6   Class Action Settlement Agreement ("Agreement"):

7          A. Defendant shall pay to San Diego County Legal Aid Society, through

8             Plaintiff's counsel, as a cy pres distribution on behalf of the Class the total

9             sum of $35,000, which is $10,000 more than 1% of Resurgent's net worth,

10            the maximum amount of damages allowed in an FDCPA class action

11            under 15 U.S.C. §1692K(a)(2)(B).

12         B. Defendant will pay Plaintiff as an incentive payment $2,500, subject to

13            Court approval, for his efforts in litigating this action.

14         C. Defendants shall be responsible for, and shall bear the costs of, class

15            notice by publication. Defendants shall also pay up to $5,000 to Gilardi &

16            Company LLC, a third-party administrator, for settlement administration

17            services performed by Gilardi pursuant to its separate agreement with

18            Class Counsel.

19         D. Subject to approval of the Court, Defendant has agreed to pay to Class

20            Counsel attorneys' fees and expenses not to exceed $35,000.

21         This class is certified as a Rule 23(b)(3) class defined in the Preliminary

22   Approval Order as follows:

23         All individuals in the State of California, during the Class
           Period, who were sent an envelope by Resurgent Capital
24         Services, L.P. that was light blue in color, bearing white clouds
           as a design, a stamp that indicated it was "PRESORTED FIRST
25         CLASS MAIL," and/or the words "IMMEDIATE REPLY
           REQUESTED," and/or were sent a collection letter from
26         Resurgent Capital Services, L.P. bearing the representations
           "YOU ARE PRE-APPROVED* FOR A NEW VISA®
27         CREDIT CARD" and "Arrangements have been made for you
           to obtain a Pre-Approved* Visa credit card issued through
28         Plains Commerce Bank."

The Class Period is the period from December 24, 2007, to December 24, 2008.

The class as defined herein consists of approximately 195,561 potential class members, according to the declaration provided by Defendant.   Plaintiff and counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Agreement is fair, reasonable and adequate, and would be in the best interest of the class members.  Due to the large class and the limited net worth of the Defendant, the damages in the amount of $35,000 representing $10,000 more than 1% of the Defendant Resurgent's net worth will be paid as a cy pres award to the San Diego County Legal Aid Society, through Plaintiff's counsel. As part of the Settlement, Plaintiff and each class member will be deemed to release and discharge forever Defendants and their agents for any action related to the matters alleged in this lawsuit.

Accordingly, the parties request that the Court grant final approval to the proposed settlement of this litigation as a class action pursuant to Rule 23(e).

## II.    ARGUMENT

### A.   THE STANDARDS FOR JUDICIAL APPROVAL OF CLASS ACTION SETTLEMENTS

It is well established in the Ninth Circuit that "voluntary conciliation and settlement are the preferred means of dispute resolution." *Officers for Justice v. Civil Service Com.*, 688 F.2d 615, 625 (9th Cir. 1982).   Class action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome and the typical length of the litigation. "There is an overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d 437, 443 (9th Cir. 1989).

In approving a proposed settlement of a class action under Federal Rule of Civil Procedure 23(e), the Court must find that the proposed settlement is "fair, adequate and reasonable." The Ninth Circuit has provided a list of factors that may

be considered in evaluating the fairness of a class action settlement:

> Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable. The district court's ultimate determination will necessarily involve a balancing of several factors which may include, among others, some or all of the following: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Officers for Justice*, 688 F.2d at 625 (citations omitted). *Accord Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Church v. Consolidated Freightways, Inc.*, (1993 Transfer Binder) Fed. Sec. L. Rep (CCH) ~97,743 (N.D. Cal. 1993); *In re Washington Public Power Supply System Sec. Litig.*, 720 F. Supp. 1379 (D. Ariz. 1989), aff'd sub nom. *Class Plaintiffs v. Seattle*, 955 F.2d 1268 (9th Cir. 1992); *In re United Energy Corp. Solar Power Modules Tax Shelter Invest. Sec. Litig.*, (1989 Transfer Binder) Fed. Sec. L. Rep. (CCH) 94,376 (C.D. Cal. 1989).

The district court must exercise "sound discretion" in approving a settlement. *Torrisi*, 8 F.3d at 1375; *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980), aff'd, 661 F.2d 939 (9th Cir. 1981).   However, "where, as here, a proposed class settlement has been reached after meaningful discovery, after arm's length negotiation conducted by capable counsel, it is presumptively fair." *M. Berenson Co. v. Faneuil Hall Marketplace, Inc.*, 671 F. Supp. 819, 822 (D. Mass. 1987). Therefore, in exercising its discretion, "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by or collusion between, the negotiating parties, and that the settlement, taken as a whole is fair, reasonable, and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. The Ninth Circuit defines the limits of the inquiry to be made by the court in the following manner:

Therefore, the settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits. Neither the trial court nor this court is to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements. The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators.

*Id.* (emphasis in original).

As explained below and in the Declaration of Joshua B. Swigart In Support of Final Approval of Settlement, ("Swigart Approval Decl.") filed herewith, application of these criteria shows that this settlement warrants the Court's approval.

Moreover, "(t)he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). The presumption of reasonableness in this action is fully warranted because the settlement is the product of arm's-length negotiations conducted by capable, experienced counsel. *M. Berenson Co.*, 671 F. Supp. at 822; Ellis, 87 F.R.D. at 18 ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"); *Manual for Complex Litigation*, Third §30.42 (1995). This settlement was the result of arms'-length negotiations. Swigart Approval Decl., para. 7.  Here, it is the considered judgment of experienced counsel that this settlement is a fair, reasonable and adequate settlement of the litigation. *Id.*, para. 12.

## B.   THE SETTLEMENT MEETS THE NINTH CIRCUIT STANDARD FOR APPROVAL

### 1.   THE PARTIES COULD IDENTIFY THE STRENGTHS AND WEAKNESSES OF THEIR CASE

"'(T)he stage of the proceedings and the amount of discovery completed'" are factors which courts consider in determining the fairness, reasonableness and adequacy of a settlement. *In re Warner Communications Sec. Litig.*, 618 F. Supp. 735, 741 (S.D.N.Y. 1985) (citation omitted), aff'd, 798 F.2d35 (2dCir. 1986); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *see also Weinberger v. Kendrick*, 698 F.

HYDE & SWIGART
San Diego, California

2d at 61, 74 ( 2nd Cir 1983); *Ellis*, 87 F.R.D. at 18; *Boyd*, 485 F. Supp. at 616-17. Plaintiff's counsel conducted an extensive review and analysis of the information obtained through their investigation and the discovery provided by Defendant, Resurgent, as to its net worth.   Because Resurgent paid the entire 1% of its net worth as damages, plus an additional $10,000 to cover any potential liability of Plains Commerce Bank, Plaintiff could not have obtained anything more even had the matter gone through trial.[1]   Swigart Approval Decl., paras. 8A, 11, 13. At the time the parties reached an agreement to settle, Plaintiff had sufficient information to assess the merits of their claims. *Id*., paras. 10, 11. Thus, the litigation had reached the stage where "the parties certainly have a clear view of the strengths and weaknesses of their cases." *Warner Communications*, 618 F. Supp. at 745; *Ellis*, 87 F.R.D. at 18; *Boyd*, 485 F. Supp. at 616-17.

### 2.   THE SETTLEMENT APPROPRIATELY BALANCES THE RISKS OF LITIGATION AND THE BENEFIT OF A CERTAIN RECOVERY.

To determine whether the proposed settlement is fair, reasonable and adequate, the Court must balance against the continuing risks of litigation and the immediacy and certainty of a substantial recovery. *Girsh*, 521 F.2d at 157; *Boyd*, 485 F. Supp. at 616-17; *Warner Communications*, 618 F. SUPP. at 741. Here Plaintiff obtained all they could obtain had the case gone to trial, 1% of Resurgent's net worth.  A balance of the continuing risks of litigation against the immediacy and certainty of that substantial recovery supports approval of the settlement.

### i.   CONTINUED LITIGATION ONLY WOULD ENSURE ADDITIONAL ATTORNEYS' FEES, COSTS AND COURT TIME.

Although Plaintiff believes his claims have merit and that he would have prevailed, it is difficult to predict the final outcome of any case.  Moreover, even if Plaintiff did prevail at trial, risks to the class remain. *West Virginia v. Chas. Pfizer & Co.*, 314 F. Supp. 710, 743-44 (S.D.N.Y. 1970) ("[i]t is known from past experience that no matter how confident one may be of the outcome of litigation, such

---

[1] Arguably, Plaintiffs would be entitled to 1% of the Defendant's net worth for the California Rosenthal Act violations alleged but there is no case law to date either way on that issue.

HYDE & SWIGART
San Diego, California

confidence is often misplaced"), aff'd, 440 F.2d 1079 (2d Cir. 1971); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir. 1979) (reversing $87 million judgment after trial); *Trans World Airlines, Inc. v. Hughes*, 312 F. Supp. 478 (S.D.N.Y. 1970), modified, 449 F.2d 51 (2d Cir. 1971), *rev'd*, 409 u.s. 363 (1973) (overturning $145 million judgment after years of appeals). Therefore, careful consideration of the above risks further supports approval of the settlement as fair, adequate and reasonable.

### ii. BALANCING THE CERTAINTY OF AN IMMEDIATE RECOVERY AGAINST THE EXPENSE AND LIKELY DURATION OF TRIAL FAVORS SETTLEMENT

The immediacy and certainty of a recovery is a factor for the Court to balance in determining whether the proposed settlement is fair, adequate and reasonable. e.g., *Girsh*, 521 F.2d at 157. Courts consistently have held that "(t)he expense and possible duration of the litigation are major factors to be considered in evaluating the reasonableness of (a) settlement." *Milstein v. Huck*, 600 F. Supp. at 254, 267 (E.D. NY 1984); *Officers for Justice*, 688 F.2d at 626; *Boyd*, 485 F. Supp. at 616-17; *Bullock v. Administrator of Estate of Kircher*, 84 F.R.D. 1, 10 (D.N.J. 1979). The present settlement must also be balanced against the expense of achieving a more favorable result at trial, but since here Plaintiff obtained the entire 1% of the Defendant's, Resurgent's net worth, plus an additional $10,000 on behalf of Plains Commerce Bank, there could not be a more favorable result obtained. *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971). Furthermore, approval of the settlement will mean a prompt resolution of this case for all parties. A trial would occupy the time of several attorneys on both sides for perhaps one or two weeks. The incursion of additional attorneys' fees and costs of trial would severely waste resources and result in questionable gain to the Plaintiff class, and a judgment favorable to Plaintiff could possibly be the subject of post-trial motions and appeals, which could prolong the case for several more years. *See, e.g.*, *Warner Communications*, 618 F. Supp. at 745 (delay from appeals is a factor to be considered). Therefore, delay, not just at trial stage, but through post-trial motions

HYDE & SWIGART
San Diego, California

and the appellate process as well, could delay a final resolution. Accordingly, early settlement of this litigation before significant additional resources have been expended will benefit everyone. As the Ninth Circuit has made clear, the very essence of a settlement agreement is compromise, "a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624. "Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with Litigation. . . ." *Id.* (citation omitted); *Ellis*, 87 F.R.D. at 19 (as a quid pro quo for not having to undergo the uncertainties and expenses of litigation, the plaintiffs must be willing to moderate the measure of their demands). Accordingly, even if there is any probability of prevailing on appeal, and then prevailing at trial, those facts certainly do not preclude the Court from finding that the settlement is within a "range of reasonableness" that is appropriate for approval. *e.g., Warner Communications*, 618 F. Supp. at 745.

### iii.   THE RECOMMENDATIONS OF EXPERIENCED COUNSEL HEAVILY FAVOR APPROVAL OF THE SETTLEMENT

Experienced counsel, negotiating at arm's length, have weighed these factors and endorse the settlement. See Swigart Approval Decl., paras. 8, 13.   As courts have stated, the view of the attorneys actively conducting the litigation, while not conclusive, "is entitled to significant weight." *Fisher Bros. v. Cambridge-Lee Industries, Inc*., 630 F. Supp. 482, 488 (E.D. Pa. 1985); Ellis, 87 F.R.D. at 18 ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"). In approving a settlement, courts often focus on the "negotiating process by which the settlement was reached." *Weinberger*, 698 F.2d at 74, cited in *Warner Communications*, 618 F. Supp. at 741. This action has been litigated by experienced and competent counsel on both sides of the case. The law firms representing Plaintiff are experienced in class action and FDCPA litigation.   Defense counsel are also from a law firm with an abundance of experience in this type of litigation and they joined in the motion to preliminary approve the settlement.   They also support this request for Final

Approval.   That such qualified and well-informed counsel, operating at arm's-length, all endorse the settlement as being fair, reasonable and adequate to the class heavily favors this Court's approval of the settlement.

### 3.   REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT.

The Summary Notice of the Settlement was published in the USA Today with a distribution throughout California, as required by the Preliminary Approval Order. Also as required by the Order.   See Declaration of Alan Vasquez filed on or about May 18, 2010, confirming Notice was published as required.   The time period for objecting to the settlement and also for opting out expires in a few days, on May 18, 2010. However, to date, there have been no objections to the settlement received nor any requests for exclusions from the class. (If there are any objections or opt outs received prior to the Final Approval hearing, the parties will so advise the Court prior to or at that hearing.)

The absence of any meaningful objection by class members is an important factor in evaluating the fairness, reasonableness and adequacy of the settlement and supports approval of the settlement. *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974); *Warner Communications*, 618 F. Supp. at 746; *Milstein*, 600 F. Supp. at 267. In fact, the lack of objections may well evidence the fairness of the settlement. *In re PaineWebber Ltd. Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y.), *aff'd*, 117 F.3d 721 (2d Cir. 1997).

In addition, Notice was given to the attorney general of California. See "Notice of Filing of Notification Required by Class Action Fairness Act, 28 U.S.C. Section 1715" filed on or about May 18, 2010 by defense counsel. To date the California Attorney General has not filed nor served any objection to the settlement. That is also an indication of the reasonableness of the settlement.

//

//

//

HYDE & SWIGART
San Diego, California

C. **INCENTIVE PAYMENTS ARE ROUTINELY AWARDED TO CLASS REPRESENTATIVES FOR THEIR EFFORTS IN BRINGING THE ACTION AND OBTAINING A BENEFIT FOR THE CLASS.**

Plaintiff's counsel seeks to obtain final court approval of the agreed-upon incentive award of $2,500 payable to Plaintiff for serving as class representative. Class representatives are often provided incentive payments for their efforts in bringing a class action and their participation therein. *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294 (N.D.Cal.,1995). As the court stated in that case:

> Whether to reward Mr. Van Vranken for his efforts is within the Court's discretion. See, e.g., In re Domestic Air Transp., 148 F.R.D. at 357-58 (awarding $142,500 to class representatives out of $50 million fund); In re Dun & Bradstreet, 130 F.R.D. at 373-74 (awarding $215,000 to several class representatives out of an $18 million fund). The criteria courts may consider in determining whether to make an incentive award include: 1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation. See Richard Greenfield, ""Rewarding the Class Representative: An Idea Whose Time Has Come,"" 9 *Class Action Reports* 4 (1986); *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D.Ohio 1991).

In *Van Vraken*, the court reviewed the five factors considered and awarded the class representative $50,000 as an incentive payment for participating in many telephone conferences and meeting with his attorneys over several years, was deposed twice and he testified in trial.

Similarly, other courts in this circuit have found incentive payments to class representatives to be justified. In *Fitzgerald v. City of Los Angeles*, 2003 WL 25471424 (C.D.Cal. 2003), relying on Van Vranken, the court awarded $3,500 in incentive payments to the two class representatives for preparing declarations used for seeking injunctive relief and assisted in preparing the facts and the settlement

structure, at personal risk of retribution from the police.[2]   *Accord, In re Heritage Bond Litigation*, 2005 WL 1594403 (C.D. Cal., 2005).

Here the Plaintiff is entitled to the relatively small incentive payment of $2,500 requested, which Defendants have already agreed to pay as set forth in the Settlement Agreement.

As set forth in the Swigart Approval Decl. filed herewith, this action would not have occurred without the Plaintiff's assistance. As set forth therein, the Plaintiff assisted counsel in a number of ways, and devoted his personal time and effort to doing so. Plaintiff provided counsel at the inception of this litigation with details of the facts of his case, discussed the case with counsel and reviewed the complaint before filing. He was prepared to attend the Early Neutral Evaluation Conference, and willing to miss work to do so and spending the entire afternoon in court.  Plaintiff was ready to proceed with whatever discovery would be necessary had this litigation continued. He received and will receive no other compensation other than this incentive payment, due to the nature of the settlement, a cy pres award.  Furthermore, this case settled before Plaintiff had to be deposed or further participate in discovery.  As a result, Plaintiff's counsel is requesting confirmation of an award of only a $2,500 incentive payment.

_____

[2] The National Association of Consumer Attorneys published an article, part of which was devoted to the status of incentive payments to class representatives. See, 1590 PLI/Corp 285 Practising Law Institute NACA CLASS ACTION GUIDELINES--REVISED March-May, 2007. In that article, it states: "Most recent decisions, however, have approved the incentive award payments to named plaintiffs in recognition of their efforts in achieving the results obtained. Many cases note the obvious public policy reasons for encouraging individuals with small personal stakes to serve as class plaintiffs in meritorious cases. *Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998); *In re Cendant Corp*., 232 F. Supp.2d 327, 344 (D.N.J. 2002); *Van Vraken v. Atlantic Richfield Co*., 901 F. Supp. 294, 300 (D.Cal. 1995) (listing factors). These cases are based on the fundamental premise that named plaintiffs undertake obligations, provide input and take risks not shared equally by absent class members, thus justifying different treatment. The amounts reported in reported cases vary widely from token payments to amounts in the tens or-- rarely--even hundreds of thousands of dollars. *See e.g., Fears v. Wilhelmina Model Agency, Inc.*, 2005 U.S. Dist. LEXIS 7961, 9- 10 (S.D.N.Y. 2005) (approving incentive awards of $25,000 and $15,000; noting cases approving awards as low as $336 and as high as $303,000 with most awards being in the $10,000 to $50,000 range)."

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

In analyzing the suitability of an incentive payment here under the *Van Vraken* factors, it is clear Plaintiff is entitled to the requested incentive payment. The first factor is the risk to them, financial and otherwise. By acting as the class representative, Plaintiff was agreeing to a substantial time commitment to pursue this litigation, whatever that might entail. The second factor, the personal difficulties they would encounter, also would support such a payment as any participation in discovery, depositions and the like would require substantial time. The third factor, the amount of time and effort spent, establishes that Plaintiff talked with counsel at the inception of this matter, which took substantial time, spent time reviewing the draft complaint, in talking to counsel about the facts of the case as they related to the Defendant's collection practices.  The fourth factor, the duration of the litigation, also supports an incentive payment. This action was filed on December 24, 2008, seventeen months ago. By the time this action is final (with the Final Approval becoming final without an appeal), it will be about eighteen months in litigation. This certainly was not a quick settlement, but as with many class actions, required much longer to implement a class-wide agreement. Thus, these five *Van Vraken* factors clearly support the Court's approval of the $2,500 incentive payment to Plaintiff.

## III.   CONCLUSION

For the reasons set forth herein, Plaintiff respectfully request that this Court grant Final Approval to this Settlement and grant the related relief. This Settlement is a good result, is agreed upon the parties and the Settlement is recommended by the experienced counsel for all parties. Further expense and uncertainty of litigation is avoided and there is a substantial present benefit to all parties and the Court. Moreover, the judicial system and the public both benefit from the agreed-upon resolution of potentially complex litigation. Plaintiff's Counsel firmly believe that this settlement is fair, reasonable and adequate based on their investigation, the posture of the case and past experience in similar actions. Therefore, Plaintiff

//

respectfully requests that this Court approve the settlement of this litigation as fair, reasonable and adequate.

Respectfully submitted,

Dated: May 24, 2010                    **Hyde & Swigart**

                                        _/s/ Joshua B. Swigart___
                                        Joshua B. Swigart
                                        Attorneys for Plaintiff